## WALDSCHMIDT *v.* THE TERRITORY OF WYOMING.

PRACTICE—CRIMINAL CASES.—The provision of the statutes, that in criminal cases the plea of the defendant shall be entered by the clerk of the court upon the indictment, is simply directory not mandatory.

IDEM.—A failure so to do, unless the defendant is by some means misled thereby, is not a fatal error, or one to justify a reversal.

ERROR to the Second District Court for Carbon County.

*T. J. Street,* for plaintiff in error.

The plaintiff in error in this cause relies upon the following facts and law:

I. The plaintiff in error was indicted in Laramie county for an assault with intent to murder, at the July term, 1873, of said court (see record, page 5, line 1); and the defendant afterwards caused the venue of said cause to be changed: See record, page 9; also pages 11, 12 and 13.

II. Afterwards the cause was tried in Carbon county: See pages in record, 11, 12, 13, 15, 25, 26, 27, inclusive.

III. Because the court erred in overruling the motion for a new trial, for the reasons stated in the motion. The indictment was clearly insufficient, because the plea was not indorsed on the indictment, and the court in Carbon county could not try the defendant thereon: Laws Wyoming Territory, p. 486, sec. 114.

IV. The statute is mandatory. The case could only be tried on the record before the court, and no amendment could be made to the record after trial. The Carbon county court could only entertain jurisdiction by a strict compliance with the statute changing the venue: (Laws Wyo. p. 486, secs. 115, 116). The case must have been tried in Carbon county, as if the indictment had been originally made there, and the only jurisdiction of the Carbon county court was based on the certified transcript of the clerk of the Laramie county court, which was on file in the Carbon county court. There is no provision of the statute permitting the records of the Carbon county court to be amended

after judgment; nor does it appear that any such amendment has ever been made, or attempted to be made. The additional transcript filed on the motion of defendant in error, suggesting a dimunition of the record, does not appear to be any part of the record of the court in which the case was tried. Unless the Carbon county court acquired jurisdiction by a compliance with the law on the part of the prosecution, the trial was a nullity. No person accused of crime is bound to make a record showing jurisdiction. The presumption of innocence is so great that the prosecution must show every necessary ingredient of jurisdiction and guilt affirmatively at the time of the trial. This was not done: Laws Wyo. 1869, p. 486, secs. 114, 115, 116.

V. It does not appear from the record that the ground of motion for new trial was untrue as to the incompetency of one of the jurors: See record, pp. 17, 19, 31.

VI. It is objected that the defendant in error has no right to appear in the court except by the attorney of record: Laws Wyo. 1869, p. 492, secs. 145, 188, 501; p. 626, secs. 578 *et seq.*

VII. The plaintiff in error is entitled to a fair and complete review of the proceedings in the court below, and since the filing of the amended transcript by the defendant in error is entitled to have all the matters therein referred to certified and brought up, to the end that errors may be assigned and in furtherance of justice: Laws Wyo. 533, 534, sections 148 *et seq.*

*W. W. Corlett and C. W. Bramel,* for defendant in error.

In this case a motion is made by the territory of Wyoming to affirm the judgment, because the appellant, Emilie Waldschmidt, in filing her transcript, has failed to conform to rule 7 of this court: See rule 7, page 4, of Rules of Supreme and District Courts of said territory. The object of said rule is to facilitate an examination of the record by the court and to enable the court to refer readily to such portions of the record as are material in connection with errors alleged and referred to in briefs. Without a compliance

with the rule, it is absolutely impossible for the attorneys for the appellee to comply with rule 7 in framing their briefs. It was the obvious purpose of this rule to render a compliance with its provisions a condition precedent to an examination of the record. If this was its purpose, then it is clear that the duty of the court is simply to affirm the judgment, without looking into the record. In case the court proceeds to look into the record in this cause, the attorneys for appellee submit the following in answer to the various errors assigned.

The answer to the first error assigned is simply that the record does not show any such error, or even the action on the part of the attorney for appellant, or of the court, as is assigned and alleged as the first ground of error.

The second error assigned is contrary to the fact, because the full record in the case shows that the defendant in the court below was duly arraigned, and plead to the indictment. Besides, the defendant below, at the trial, could not rely on the mere absence of proof in the record to show such arraignment and plea without some proof, in view of the fact that the change of venue was taken at her instance and because she went to trial without objection, upon the ground that she had not been arraigned or pleaded. As no. change of venue can be granted until after the plea of "not guilty," the court might well assume that such plea had been made: See title IX., chap. 74, Laws of Wyoming, 1869.

In answer to the third assignment of error, it is enough ·to say that the failure to indorse the plea on the indictment could in no possible way affect the rights of the defendant. And errors which do not prejudice the party alleging them are immaterial, and should be disregarded: U. S. Digest, vol. 3, p. 57; 54 Ill. 258; 30 Iowa, 133; 23 Mich. 24; 48 Mo. 23. The third and fourth errors assigned involve a question of fact, which it appears was settled by the court below upon affidavits; and, as it does not appear that the court below erred in passing upon that question, it is submitted that no error was committed by the court below. As

to the error assigned in overruling the appellant's motion to set aside the judgment, it is enough to say that it is nowhere specified wherein the said judgment is erroneous. And, as it does not appear that said judgment is erroneous in any respect, prejudicial to the appellant, the court is not authorized to regard the said judgment as defective: 3 U. S. Dig. 58.

By the Court, FISHER, C. J.    The record in this case shows that at the July term of the district court in and for the county of Laramie, in the first judicial district, the grand jury found an indictment against Emilie Waldschmidt, charging her with an assault and battery, with an attempt to commit murder by means of a certain pistol commonly called a revolver, upon one August Blucher.    To which indictment the said Emilie Waldschmidt, upon being arraigned, pleaded "not guilty."    That after said plea she, the said E. W., filed an affidavit of prejudice on the part of the presiding judge of the first judicial district; that upon the filing of which a change of venue was allowed, and the proceedings were transferred to Carbon county, which is and was in the second judicial district.    The case was duly tried and a verdict of "guilty" rendered by the jury, who also fixed the penalty, to wit, a fine of one hundred dollars, and the payment of costs by defendant.    A motion in arrest of judgment and for a new trial was duly made and several errors assigned, among which were the following:

1. Because the defendant was never arraigned as required by statute;

2. Because the plea of defendant was not written or entered on the indictment as required by law;

3. Because J. Rankin, one of the jurors who tried the cause was not a legal juror in the territory at the time of the trial, which fact was unknown to the defendant until after the verdict of the jury was rendered;

4. Because J. Rankin, one of the jurors, was, on account of his non-residence at the time of the trial, incompetent

to act as a juror under the laws of this territory, and cited the sections of the criminal code on which defendant relied.

On the part of defendant in error, these several assignments were denied.    The motion for the new trial was overruled, to which ruling the defendant below by her counsel excepted, and the record is brought here for review.    The first error assigned is fully met and contradicted by the record in the district court for Laramie county, by which it is not only shown that the defendant in that court was arraigned, but that she asked for and was allowed time to enter her plea, and that she subsequently pleaded "not guilty."    The second error assigned, viz., that the plea was not entered on the indictment as required by law.

While the record does not show that in this particular the requirements of the statute were strictly complied with, yet we do not find that by the failure of the clerk to write the plea on the bill of indictment that the defendant in the court below was in any way embarrassed by such failure. And it is one of the well-settled principles of the law that a failure to conform to any merely directory statute which does no wrong to a complaining party should be disregarded by a reviewing court, and surely the mere failure to make such an indorsement on the indictment could not, in the nature of the fact, work any wrong to the defendant below; hence we fail to see any substantial error.    The third and fourth errors assigned were abandoned by the counsel for plaintiff in error on the argument; hence we are not called upon to give an opinion on them.    But we may say that if they had not been abandoned, that the record shows conclusively that there is nothing in the errors complained of, inasmuch as the juror in question has filed an affidavit which has found its way into the record, showing that he possessed all the requisite qualifications to constitute him a competent juror.

We therefore remand the case to the district court, with directions to that court to carry out the sentence in the case, adding the costs which have accrued in this court as a part of the sentence.