## STATE v. SORENSON*
(No. 1234; Dec. 15, 1925; 241 Pac. 705.)
(Rehearing Denied 241 Pac. 607.)

CRIMINAL LAW—PLEA—INDICTMENT & INFORMATION—VERIFICATION—WAIVER—EVIDENCE—WITNESSES—CREDIBILITY—CONDUCT OF PROSECUTOR—HARMLESS ERROR.

1. Where there is only one information in the record, and the court's minutes in the cause show waiver of formal arraignment and entry of plea of not guilty, such plea will be regarded as having been entered to the information in the record.

2. Want of verification of information *held* waived by pleading thereto, in view of Comp. St. 1920, §§ 7483, 7487.

3. Failure to indorse plea of not guilty on information *held* not ground for reversal, in absence of showing of injury thereby to accused; the pertinent statute being directory and not mandatory.

4. In prosecution under Prohibition Law, admission of evidence of more than one offense under three counts contained in information *held* not error.

5. Exclusion of evidence offered by defendant to show that at times other than transaction in question one of prosecuting witnesses was drunk *held* not error.

6. Credibility of witness shown to have been drunk on occasion involved was for jury.

7. In prosecution for sale and unlawful possession of liquors, admission of exhibit over objection that it did not appear that contents were fit for beverage purposes *held* not error, where defendant later testified that contents were whisky, and defendant's counsel made the same admission.

8. In prosecution for violation of liquor law, objection to remarks of prosecuting attorney in his closing argument that

jury should "convict her and give notice to violators of the liquor traffic law that the law would be enforced" *held* properly overruled.

9. Remarks of the state's attorney referring to evidence excluded by the court and imputing improper action on the part of defendant's counsel during the course of the trial is censurable conduct.

10. Trial court's reprimand of prosecuting attorney for objectionable remarks, coupled with a specific direction to the jury to disregard such remarks, *held* to render harmless the error committed by the prosecuting attorney.

*See Headnotes (1) 17 C. J. p. 217; n. 64 (2) 31 C. J. p. 873 n. 66 (3) 31 C. J. p. 644 n. 32 (4) 31 C. J. p. 786 n. 19 (5) 40 Cyc. p. 2601 n. 37; (6) 16 C. J. p. 930 n. 93 (7) 17 C. J. p. 321 n 47 (8) 16 C. J. p. 910 n. 68 (9) 18 C. J. p. 887 n. 93 (10) 16 C. J. p. 917 n. 67.

APPEAL from District Court, Niobrara County; CYRUS O. BROWN, Judge.

Lulu Sorenson was convicted of violation of the Prohibition Law, and she appeals. Rehearing in this case and in 1245 denied January 26th, 1926; see 241 Pac. 607.

*Thomas M. Fagan* for appellant.

The court had no jurisdiction of defendant; the information was not verified and was insufficient to authorize the issuance of a bench warrant for defendant's arrest; the court erred in issuing a bench warrant; the court erred in denying defendant's motion to quash, and ordering defendant to plead to the information of August 23rd; defendant had no notice of the information of August 30th, and did not waive defects therein; defendant did not plead to the information of August 30th and the court erred in pronouncing judgment thereon; 14 R. C. L. p. 152; informations must be verified; 7426 C. S. Const. Art. I, Section 4; State vs. Boulter, 5 Wyo. 236; a plea of "not guilty" must be entered on the information; 7496 C. S. a plea of guilty must be entered in the records of the court; no plea was entered on the information on which judgment was ren-

dered; an unverified information is insufficient to authorize the issuance of a Bench Warrant; Hollibaugh & Bunten vs. Hehn, 13 Wyo. 269; defendant having been tried upon an information upon which no issue had been joined, the judgment is void; 8 R. C. L. 72, p. 109; after introducing testimony of one offense, the court should have sustained defendant's objection to receiving evidence of other offenses; Fields vs. Territory, 1 Wyo. 78; the court erred in permitting the prosecuting witness to testify from books not written up at time of the transaction referred to, but made up at a later date, by prosecuting witness and the county attorney. This evidence was not admissible; 69 R. C. L. 909; 11 Cyc. of Ev. 106; the court erred in refusing proof of the habitual intoxication of the witness Penn; 28 R. C. L. 618-619; such proof was competent for purposes of impeachment; the court erred in refusing proof that the compensation of prosecuting witness had been made contingent upon conviction of defendant; 28 R. C. L. 600; the court erred in receiving plaintiff's Exhibit Z, there being no proof that it was fit for beverage purposes, and defendant's possession thereof having been explained without contradiction; misconduct of the prosecuting attorney from the trial and argument in misstating evidence was prejudicial to defendant; Paper Company vs. Banks, 15 Nebr. 20; 2 R. C. L. 438; State vs. Rodriguez, 31 Nev. 342.

*David J. Howell,* Attorney General, and *Ray E. Lee* Asst. Attorney General, for respondent.

Defendant appeared, waived formal arraignment, entered a plea of not guilty, and made no move to quash the Bench Warrant. The information of August 23rd is not in the record, and the motion to quash it is not before the court. It was proper for witnesses to refresh their memory from memoranda. Defendant was tried upon an information containing three counts, which were properly joined; Wharton's Criminal Procedure (10th Ed., Vol. 1. Sec. 385; 31 C. J. 784-786; Laws of 1921, Chapter 117, Sec. 30; wit-

nesses Penn and Egelhoff delivered two bottles of whiskey to the county attorney, which they testified was purchased from defendant; Exhibit "Z" was proven to be whiskey from a bottle broken by defendant's husband, and secured by prosecuting witness and proven to contain more than one-half of 1% of alcohol; defendant's several specifications of error as to the admissions of evidence are without merit; no evidence was offered by defendant to prove that witness Penn was an habitual drunkard; prosecutor's request for conviction was not misconduct; objections that information was not verified was not made before or at the trial and was therefore waived; James vs. State, 27 Wyo. 378; 31 C. J. 871-873; State vs. Kusel, 29 Wyo. 287; 7483, 7487 C. S. Hollibaugh & Bunten vs. Hehn, 13 Wyo. 269; 31 C. J. 648; White vs. State, 23 Wyo. 130; 31 C. J. 881; failure to endorse plea on information does not invalidate conviction; Waldschmidt vs. Ter. 1 Wyo. 49; 16 C. J. 395.

RINER, District Judge.

The record in this cause discloses that Lulu Sorenson, hereinafter mentioned as the defendant, was by an information filed in the District Court of Niobrara County on August 30, 1923, charged with a violation of the provisions of Chapter 117 of the Session Laws of Wyoming, 1921, relating to the sale and possession of intoxicating liquors. The information is drawn with three counts, one charging an unlawful sale of intoxicating liquor on May 15, 1923, the second count charging an unlawful sale on June 15, 1923, and the last count charging an unlawful possession on May 31, 1923. This information, though signed by the county attorney of Niobrara county, was not verified by him. The usual form of oath attached to the information was filled out and signed by the attorney, but the jurat clause was not executed by the clerk of the district court in the space left for his signature and the court seal.

Defendant was arrested on a bench warrant issued upon this information, and, according to court entry on the bar

docket, on September 4, 1923, "Defendant in open Court waived formal arraignment and entered a plea of not guilty." This plea was not endorsed on the information. The case proceeded immediately to trial.

Instruction No. 2 given the jury by the court specifically set out the three counts of the information, and then concluded, "To this information the defendant has entered a plea of not guilty, which plea puts in issue every material allegation in the foregoing allegations of the three counts of the information. No objections or exceptions were made or saved to these instructions. The defendant being found guilty on all three counts, judgment and sentence was entered thereon, and review of the record of the cause is sought by this appeal.

The first proposition advanced by the defendant seems to be that she never pleaded to the informataion filed, as mentioned above, on August 30, 1923. Reference is made in her brief to a motion to quash and an order thereon which appear in the record, and it is insisted that her plea of "not guilty" was entered to an information filed in the cause on August 23, 1923. But the record now before this court does not at all support these contentions. It is true that the motion to quash and the order disposing of it refer to an information filed August 23, 1923, but no such information appears in this record. Only the information of August 30, 1923, is here. There being but the one information in the record, and the court's minutes in the cause showing waiver of formal arraignment and entry of a plea of "not guilty," it is clear the plea must be here regarded as entered to the information now before this court, and none other. This conclusion is made the more certain because of what has already been recited as appearing in two of the instructions given the jury when the cause was submitted to it. One of these instructions gave verbatim the three counts of the information filed August 30. 1923, and then stated that defendant had pleaded not guilty to it. The defendant evi-

dently considered these instructions correct as no complaint is made of them.

It is argued that the fact that the information was not sworn to by the county attorney and that defendant's plea was not endorsed upon the information are jurisdictional defects requiring the reversal of the case. No authorities are cited in support of these contentions. Concerning the want of verification of the information it need only be said that the matter would appear to be determined on principle, at least, adversely to defendant's position, by Sections 7483 and 7487 of Wyoming C. S. 1920, considered in the light of what has been said by this court in State v. Kusel, 29 Wyo. 287, 213 Pac. 367, where it was held that the failure of the county attorney of the county to which the cause had been removed to sign an amended information was waived upon a plea of not guilty being entered. It may be added that the federal appellate court rulings have been to the same effect. See Jordan v. U. S. 299 Fed. (C. C. A. 9th. Cir.) 298 and cases cited therein; McFadden, Prohibition, pp. 544, 545.

Because there was failure to endorse the plea on the information cannot avail the defendant here. The statute on the point is directory, not mandatory. It is not argued that the defendant was injured in any way by this failure, nor are any authorities cited to support defendant's view. Persuasive authority is to the contrary. Waldschmidt v. Territory, 1 Wyo. 149; Preuitt v. People, 5 Nebr. 377.

Objections were made and exceptions saved to the court's rulings in allowing evidence of more than one offense under the three counts contained in the information. This question has been considered and ruled adversely to defendant in the case of State v. Carl Sorenson, 241 Pac. 707 decided this date. This is true also concerning the points made as the rulings preventing defendant from showing that at other times than the transaction in question one of the prosecuting witnesses was under the influence of liquor. However, defendant was allowed to show that on one of the par-

ticular occasions involved here said witness was drunk. His credibility, of course, under all the evidence in the case was for the jury to determine.

It is urged that error was committed in admitting in evidence state's exhibit "Z" over defendant's objection that it did not appear that the contents thereof were fit for beverage purposes; but it was later in the trial admitted by defendant's counsel that the exhibit contained "whiskey of more than one half of one per cent of alcohol as charged in the information." The defendant herself testified that it was whiskey. We fail to see any error in this ruling. Strada v. U. S., 281 Fed. (C. C. A. 9th Cir.) 143; Hensberg v. U. S., 288 Fed. (C. C. A. 8th Cir.) 370.

The prosecuting attorney in the course of his closing argument said of the defendant, "convict her and give notice to violators of the liquor traffic law that the law will be enforced." Objection was made to this statement, overruled by the court and exception taken to the ruling. This is assigned as error. The ruling was correct. Ross v. State, 8 Wyo. 351, 371, 57 Pac. 924; 16 C. J. 910, Sec. 2260 and cases cited. Other remarks were made by the county attorney referring to evidence excluded by the court and imputing improper action on the part of defendant's counsel during the course of the trial. It is needless to say that such conduct by state's counsel is deserving only of censure. The trial court realized this and promptly applied a reprimand, coupled with a specific direction to the jury to disregard counsel's objectionable remarks. It is generally held that under such circumstances the error committed is rendered harmless. See 16 C. J., pp. 916-920, Secs. 2271 and extended list of cases cited.

Other errors are assigned to the admission and rejection of evidence. We have examined them all and deem it unnecessary to discuss them in detail further than to say that we think they are unfounded. Nothing in the record of the

cause indicates that the defendant did not have a fair trial, and the judgment should be affirmed.

*Affirmed.*

POTTER, C. J., and KIMBALL, J., concur.

ON PETITIONS FOR REHEARING IN NOS. 1234 AND 1245

PER CURIAM.

A petition for rehearing has been filed in each of these cases, having been received by the clerk through the mail on January 15, 1926, and filed on that date. They were received in an envelope bearing a post-office stamp showing the same to have been mailed at Lusk, Wyoming, on January 13, which was probably mailed too late for the outgoing mail to Cheyenne from Lusk on that day. At any rate, when received for filing, and there had been no neglect in the clerk's office, the time allowed by our rules, thirty days, for filing petition for rehearing had expired on the preceding day, January 14. And that is ground for denying the petition. But there was no brief accompanying the petition in either case, which fact is itself a sufficient ground for declining to consider the application. Sup. Court. Rule 23; Bank of Chadron v. Anderson, 6 Wyo. 518, 536, 49 Pac. 406; Dean v. Oil Co., 21 Wyo. 133, 151, 129 Pac. 1023; Tuttle v. Rohrer, 23 Wyo. 305, 318, 153 Pac. 27; Allen v. Houn, 30 Wyo. 186, 219 Pac. 573. So far as shown by either petition no point not considered in disposing of the cause upon the original hearing is suggested. Each case then had the careful and fair consideration of the court, and neither of the cases, nor the questions involved, appear to us to be of such difficulty or importance as might justify a further consideration by waiving or disregarding our said rule, if that might be assumed to be proper under exceptional circumstances, to avoid a miscarriage of justice.

The application for rehearing will be denied in each of said cases.