## SUPREME COURT.

SARAH PLACE agt. THE BUTTERNUTS WOOLEN AND COTTON MANUFACTURING COMPANY.

A *term fee* of $10 is given by the Code (§ 307) for every term when the cause is necessarily on the calendar and is *not tried;* but *when tried no term fee is allowed,* but a trial fee instead thereof.

When the *merits* of a cause are brought up, and the cause is placed on the calendar of the court, and the issues, whether of law or of fact, and whether arising on the pleadings or out of subsequent proceedings, are presented to the court, and by the court judicially examined, there is a *trial* within the meaning of the Code (§ 252).

*Otsego Special Term, April,* 1864.

MOTION by defendants to strike out costs. The clerk of

Otsego county allowed on the adjustment of costs ten dollars term fee for the term at which the cause was argued in the supreme court, general term.   Also ten dollars term fees for term at which the cause was argued in the court of appeals, and included the same in the judgment in favor of plaintiff.

J. E. DEWEY, *for the plaintiff.*
BENJ. ESTES, *for the defendants.*

CAMPBELL, J.   This cause having been appealed from the county court to the supreme court, and from the supreme court to the court of appeals, a question arose before the clerk on the taxation of the costs as to the term fees.   The clerk taxed a term fee of ten dollars for the term of the supreme court at which the cause was heard or tried, and the same fee for the term of the court of appeals at which the cause was heard or tried in that court.   Were these fees taxable under subdivision 7, of section 307 of the Code ?   The subdivision is in these words :  " To either party, for every circuit or term not exceeding five circuits, and five special and five general terms at which the cause is necessarily on the calendar and is not tried, or is postponed by order of the court, ten dollars."   When, then, may a cause be said to be tried ?   A trial is said to be the examination of a cause civil or criminal, before a judge who has jurisdiction of it, according to the laws of the land."   (1 *Just.* 124 ; *Jacob's Law Dic. title* " *Trial.*")   The definition by Webster is, " in law the examination of a cause in controversy between parties, before a proper tribunal."   By the Code, section 252, " a trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact."   It is a judicial examination of the issues between the parties.   It is claimed that the issues between the parties are only such issues as are specified in sections 248, 249, 250 ; in other words, such issues as arise directly upon the pleadings.   I think

that construction too narrow. In *Mechanics' Banking Association* agt. *Kiersted* (4 *Duer, at p.* 641), Justice Bosworth, speaking for all the justices of that court, said of a motion for a new trial at special term : " Such a motion is an actual hearing and examination of a cause upon the merits, upon the *issues joined in it*. It is substantially a *trial*, as that proceeding is defined by the Code " (§ 252). It was held that in such cases, when there was a motion for a new trial on a case at special term, on the ground that the verdict was against evidence, that the party was entitled to a trial fee. Sections 248, 249, 250, declare how issues may arise on the pleadings, and what they are, but do not state that they are the only issues which may arise in a cause. Whenever there is a ruling by the judge on the admission or rejection of evidence, which is excepted to, then a question of law arises, and as to that the parties may be said to be at issue. So new questions of fact may arise in the progress of a cause, and which do not appear in the pleadings, and upon which the parties are at issue. Then issues of law and of fact which arise in the progress of a cause to its final determination, as well as the issues which arise on the pleadings, undergo a judicial examination. When the merits of the cause is brought up, and the cause is placed on the calendar of the court, and the issues whether of law or of fact, and whether arising on the pleadings or out of subsequent proceedings, are presented to the court, and by the court judicially examined, then there is a *trial*. The cause is argued by counsel, and a fee for such argument is allowed. But the cause is also tried by the court. There is by the court a judicial examination of the issues between the parties, and hence a *trial*. A term fee of ten dollars is given for every term when the cause is necessarily on the calendar and not tried, but when tried then there is no term fee, but trial fee in place thereof. This it seems to me must have been the intention of the legislature, and such is the fair construction of the

sections of the Code. If these views are correct, then the two term fees, that for the term at which the cause was tried at the general term of the supreme court and at court of appeals, should be struck from plaintiff's bill of costs.

There will be no costs on this motion, as the question is new.

NOTE.—From this decision of Justice CAMPBELL, an appeal was brought by plaintiff's attorney to the general term of the sixth district, when the order was affirmed with ten dollars costs, at the November term, 1864.