## Pach v. Gilbert, Sheriff.

(Superior Court of Buffalo, Special Term. February, 1890.)

**Costs—Motion for Judgment on Pleadings.**

A motion for judgment on the pleadings raises simply a "question" of law; and the argument of the motion and the decision of the court thereon do not constitute the trial of an "issue" at law within the meaning of Code Civil Proc. N. Y. § 3251, which allows as costs, "for trial of an issue at law, $20."

Action by Moritz Pach against Frank T. Gilbert, as sheriff of Erie county, for failure to levy an execution. When the cause was reached for trial, plaintiff moved for judgment on the pleadings because of the alleged insufficiency

of the answer. After oral argument and the submission of briefs, the court decided the motion adversely to plaintiff. The cause was tried at a subsequent term and a verdict was directed in plaintiff's favor. Plaintiff now claims that the proceeding at the former term was the trial of an issue at law, and that consequently he is entitled to two trial fees. For decision on motion for new trial, see 7 N. Y. Supp. 336. See, also, *post*, 548.

O. O. *Cottle*, for plaintiff.   *Charles B. Wheeler*, for defendant.

BECKWITH, C. J.   The old Code, the Code of Procedure, contained (section 252) a definition of the term "trial." It defined a "trial" to be "the judicial examination of the issues between the parties, whether they be issues of law or of fact." Notwithstanding the exact, well-known, technical meaning of the word "issues," and the explications found in the preceding sections of that Code, and the concise, scientific language of the definition, yet the courts, in the day of that Code, seemed to find latitude to call points of controversy arising by other means than the pleadings "issues," and their determination, "trials." *Place* v. *Manufacturing Co.*, 28 How. Pr. 184. The Code of Civil Procedure does not give a definition of the word "trial," but it declares what "issues," are and declares that they must be tried. Those issues are those which are presented by the pleadings, and arise only upon facts or conclusions of law maintained by one party and controverted by the other by their pleadings. An issue of law arises only upon a demurrer, and an issue of fact upon a denial in the reply of a material allegation of the answer, and allegation of new matter in the answer or reply. Code Civil Proc. §§ 963–965. Issues of such character and origin are to be tried as prescribed in chapter 6, which directs notice of trial, filing the note of issue, entering the cause upon the calendar, and that either party who has served the notice may bring the issue to trial. Sections 965, 980. It is with reference to such issues that the Code, § 3251, allows as costs, "for the trial of an issue of law, twenty dollars; for the trial for the issue of fact, thirty dollars." Now, when the plaintiff moved for judgment on the pleadings, and the counsel argued the motion and submitted briefs, and the court "duly considered" and denied the motion, and refused to give judgment, was there a trial, within the meaning of the mentioned sections of the Code? In the first place, it is observable that what was done had not the ordinary formalities and incidents, nor results, of trial. There was no decision stating, as the Code requires in the case of a trial by the court, the facts found and the conclusions of law, and directing the judgment to be entered. Again, while the question raised by the motion as to the sufficiency of the answer, and whether any material allegation of the complaint was controverted, was a question of law, yet it was not an issue of law which can be raised only by demurer; and it is for the trial of an issue at law that costs are given. And, again, it is a frequent occurrence that such a motion is made, and the court takes time to consider, and after the disposal of intervening trials decides the motion, and the parties proceed before a jury. Are there two trials? Such a motion is preliminary, and in substance an objection to the reception of any evidence in support of the allegations of the answer, on the ground that, if the allegation should be proved, they will amount to nothing. The decision of the motion merely affects the course of a trial. If not a trial, what is it that is done on such a motion? If the answer purports to be a denial of the allegations of the complaint, the court considers the sufficiency of the answer for that purpose. If it be held that the answer is sufficient, the plaintiff proceeds to make proof of the allegations of the complaint. If, on the contrary, the answer is not sufficient,—does not deny any material allegation of the complaint,—the court must still determine the conclusion of law that follows from the facts alleged in the complaint, and must declare, after taking such proof as may be necessary, the proper form of judgment. In such case the trial involves the judicial exam-

548          NEW YORK SUPPLEMENT, vol. 9.     [Super. Ct. Buf.

ination of the allegations of the complaint, and the expression of the legal
conclusion in the form of a verdict or decision; and, when the answer sets
up an affirmative defense,—that is to say, sets up new matter as a defense,—
and there is a motion for judgment for the insufficiency of the answer, what
is the legal or logical process?   The court compares the allegations with a
rule, or certain rules, of law, with reference to which the allegations are
deemed to have been made.   The court simply determines whether, if proved,
they would or would not constitute a defense.   It is apparent that that is all
the court does.   That process does not amount to a trial, for, if the answer is
held to be sufficient, the defendant must yet prove his allegations.   The pro-
cess is the same if the court hold that the alleged new matter is not a de-
fense.   The trial still involves the determination of what conclusion of law
follows from the facts alleged in the complaint.   There is not a trial until the
proceedings have reached that point where only the verdict or decision re-
mains to be announced.   If the allegations of the complaint are not suffi-
ciently answered, there must still be a judicial examination of those allega-
tions before the court can tell what judgment the law pronounces, and before
the court can advise the jury as to the law governing their verdict, or give its own
decision.   In this case the answer set up new matter as a defense.   When the
plaintiff's counsel moved for judgment on the ground that the matters alleged
in the answer did not amount to a defense, and that the evidence was admis-
sible, he simply raised a question of law; and, when the court ruled the point
against him, neither party acquired therefrom a right to enter judgment, but
the plaintiff became entitled to an exception only.   Code, § 992.   The cause
was not tried.   At the most, it was a thing done "upon the trial," (*Starin*
v. *People,* 45 N. Y. 337;) and, when the order of the court directed the trial
"to proceed" at the subsequent term, it follows that it was not an order for a
new trial.   Counsel for the plaintiff cited a number of cases which have some
appearance of sustaining his contention; but, for the reasons above stated,
the motion for a new taxation of costs is denied, with $10 costs.