RAY J. PHILLIPS *vs.* ALPHONSE SHACKFORD.

PROVIDENCE—OCTOBER 2, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Trover and Conversion.   Demand and Refusal.*

Where property had been conveyed by a general assignment for the benefit
of creditors, and at the time of demand the title thereto was in the
assignee, although the assignor was using the same, acting as the agent
of the assignee, who had previously taken possession under the assign-
ment, the assignor having no other control over it, a refusal by the latter
to comply with a demand of the mortgagee to surrender the property is
not evidence of a conversion.

A refusal to deliver, to constitute conversion, must amount to a denial of
the demandant's right.

(2)  *Exceptions.   New Trial.*

Questions of law not properly brought upon the record by exceptions will
not be considered by the court in a petition for a new trial.

(3)  *New Trial.*

There is no ground stated for new trial, where the record shows that the
party has failed to make out a case upon which a jury could base a
verdict.

(4) *Verdict. New Trial.*

Where the record shows that the jury were properly instructed by the court, it is to be presumed that their verdict was found upon the evidence in accordance with such instructions.

TRESPASS ON THE CASE for trover and conversion. The facts are sufficiently stated in the opinion. Heard on petition of plaintiff for new trial. New trial denied.

TILLINGHAST, J. The facts in this case, in so far as they are pertinent to the questions raised by the exceptions, are as follows, viz.: On July 13, 1895, the defendant executed and delivered to the plaintiff a chattel mortgage of the property in question, to secure the payment of a certain promissory note for $53 15/100, of even date therewith, payable in one month. The mortgage was not recorded, and the defendant retained possession of the property. On the 28th day of October, 1895, a creditor of the defendant placed an attachment on the property, whereupon the defendant made a general assignment, under the statute, for the benefit of his creditors. The attachment was then discontinued, and the assignee took possession of the property and sold the same under the assignment. After the assignment was made the plaintiff made demand upon the defendant for the property covered by his mortgage, which being refused, he commenced this action of trover to recover damages for the alleged conversion thereof.

At the trial of the case in the Common Pleas Division the plaintiff requested the court to charge the jury " that if they find the defendant was in possession of the property at the time the plaintiff made a demand upon him for it and he refused to let him have it, the plaintiff is entitled to recover." The court granted the request, with the qualification that if the defendant was merely holding the property as agent or custodian for the assignee, the latter having previously taken possession thereof under the assignment, it was not in the possession and control of the defendant within the meaning of said request.

The plaintiff also requested the court to charge the jury

"that if they find the plaintiff made a demand upon the defendant for the property described in the mortgage, and the defendant refused to let him have it, told him he could not have it, that that amounts to conversion, the plaintiff being entitled to recover." To this request the court replied that if the demand was made before the assignment, then the action would lie; but that if it was not made until after the assignment it would not lie, except for such property as was not covered by the attachment.

To these refusals to charge as requested the plaintiff duly excepted, and now, after verdict for the defendant, petitions for a new trial on the ground of error in such refusals.

(1)     The refusal to charge specifically as requested was correct. The evidence shows that, although the defendant was in the shop where the property in question was, and was using the same when the demand was made, he was there simply as the agent or servant of the assignee, who had taken possession of said property under the assignment and temporarily left it in the shop in defendant's care pending proceedings for the sale thereof. The title to the property being in the assignee at the time of the making of the demand, and the defendant having no control over the same except to hold it for the assignee, he had no power to comply with said demand. A refusal to deliver, in order to constitute a conversion, must amount to a denial of the demandant's right. *Buffington* v. *Clarke*, 15 R. I. 437.  See also *Claflin* v. *Gurney*, 17 R. I. at p. 187.

(2)     Other questions of law bearing upon the case are raised and discussed in the plaintiff's brief, but as the exceptions before us do not relate thereto it would be idle for us to consider them. *Sarle* v. *Arnold*, 7 R. I. 582; *Rose* v. *Mitchell*, 21 R. I. 270; *Stone* v. *Pendleton*, 21 R. I. 332. *Agulino* v. *N. Y., N. H. & H. R. R. Co.*, 21 R. I. 263.

The plaintiff's counsel contends that a part of the property in question consisted of the working-tools of the defendant, and that, as they were exempt from attachment by law, they were not affected by the attachment or by the assignment; and hence the refusal of the defendant to deliver such

tools, when demand was made for the property as aforesaid,
(3) amounted to a conversion thereof. It is a sufficient reply to
this contention to say that the plaintiff failed to prove the
amount or value of any such tools, and hence there was noth-
ing in this branch of the case upon which the jury could base
(4) a verdict for the plaintiff. Moreover, the charge of the court
shows that the jury were instructed, in effect, that the de-
mand and refusal, even though made after the assignment,
would be effectual to charge the defendant with the conver-
sion of whatever property there was in his hands which was
exempt from attachment by law ; and hence it is to be pre-
sumed that they did not find that he had any such.

Petition for new trial denied, and case remitted to the
Common Pleas Division with direction to enter judgment on
the verdict.

*Charles E. Salisbury*, for plaintiff.
*Miller & Carroll*, for defendant.