(32 Misc. Rep. 287.)

### ROOSEVELT et al. v. SCHERMERHORN et al.

(Supreme Court, Special Term, New York County. July, 1900.)

COSTS—GROUNDS—ISSUES OF FACT.

A general answer of an infant by his guardian ad litem being recognized by Code Civ. Proc. § 523, which excepts such answers from the requirement as to verification of pleadings, is substantially within the definition of a denial of "knowledge or information sufficient to form a belief," and is therefore sufficient to raise an issue of fact for the purpose of taxation of a trial fee and costs after notice of trial, where the answer put plaintiff to proof of his cause of action.

Action by W. Emlen Roosevelt and others against Amos Cotting Schermerhorn and others. Motion for a retaxation of costs. Granted.

Latham G. Reed, for the motion.
George C. Kobbe, opposed.

BISCHOFF, J. As heretofore held by me (Dean v. Booth, 66 N. Y. Supp. 365), this motion for a retaxation should be granted upon the ground that the general answer of an infant suffices to raise an issue of fact sufficient for the purposes of taxation of a trial fee and costs after notice of trial, where the answer necessitated the plaintiff's proof of his cause of action. The definition of issues as found in sections 963 and 964 of the Code is confined to issues arising on the pleadings, and for the purposes of the chapter of the Code relating to the method of trial. Section 963. Provisions of a like nature contained in the earlier Code were held not to control over the accepted definition of a trial, for the purposes of an award of costs depending upon the trial (Place v. Manufacturing Co., 28 How. Prac. 184); and there can be no doubt that the general answer of an infant calls for the plaintiff's proof, and for a judicial determination of the facts according to the accepted practice. It may be noted that the forms of denial recognized by section 964 of the Code are not exclusive, since a denial "upon information and belief," not expressly included in that section, raises an issue. Bennett v. Manufacturing Co., 110 N. Y. 150, 17 N. E. 669. And, in parity with the reasoning employed in the case cited, there is nothing violent in the construction that the infant's general answer, which is recognized by the Code (section 523), is substantially within the definition of a denial of "knowledge or information sufficient to form a belief." Code, § 964. Certainly, in the case before me, an issue of fact was recognized, for the action was referred to a referee to hear and determine (section 1013); and yet no issue was raised, unless by the infant's answer, since there was no other. There is no policy of the law which should exclude the

guardian of an infant from the award of costs, and I find nothing in the statute which necessarily renders a trial upon questions presented by an infant's general answer different from any other trial with respect to the question of costs. I have been referred to a decision at special term where, after the interposition of an infant's answer, the court held that was no issue; but this case was one where a reference was had, under section 1619 of the Code, in an action for dower; there being no trial, and the reference being had with regard to a question upon which the court was bound to pass,—whether an answer was served on behalf of the infant or not,—and which did not relate to any issue in the case. This authority is not in point, and another and later decision founded upon it is of no greater perti-nence to the present question. I conclude that the motion should be granted in all respects.

Motion granted.