### GRIGGS v. MEEK, ET AL.*
(No. 1333; November 17, 1927; 261 Pac. 126)
(Rehearing denied February 16th, 1928)
(264 Pac. 91)

VENDOR AND PURCHASER—EVIDENCE—COMMENCEMENT OF TRIAL—FINAL DISPOSITION OF CASE—RECESS IN TRIAL—NON-SUIT—RATIFICATION OF LAND SALE.

1. In action to set aside contract of sale of ranch and property thereon on ground that it was induced by fraudulent representations of defendant, deletion in amended petition of allegation that ''defendant then was and now is sufficient and good security for sums mentioned in said notes,'' which defendant had indorsed without recourse and given to plaintiff in payment for ranch, when plaintiff did not know meaning of term ''without recourse,'' did not change issues or proof necessary to maintain action.

2.  Under Comp. St. 1920, § 5720, trial may be said to have commenced when all preliminary questions have been determined and jury, or court, in absence of jury, enters upon examination of facts for purpose of determining controversy.

3.  Ordinarily trial is not ended until judgment can be entered which shall be final disposition of controversy on its merits.

4.  A trial once commenced does not end until completion of examination or investigation in controversy.

5.  Term "trial" contemplates final disposition of controversy on facts or on question of law.

6.  The length of time that elapses from commencement of trial to its determination, where such time is not limited by statute, must rest in sound discretion of trial court.

7.  Where trial was commenced April 22, 1922, and at the close of plaintiff's cause and during arguments on defendant's motion for non-suit plaintiff asked to be permitted to file amended petition, which was granted, and cause drifted to May 10, 1923, there was no abuse of discretion as to time elapsing from commencement of trial to its determination, and court properly considered evidence taken at former hearing, on continuance of case.

8.  There can be no involuntary non-suit, under Wyoming practice, for insufficiency of evidence, since under Comp. St. 1920, § 5879, there must be decision on merits.

9.  Where plaintiff, after bringing suit to set aside contract of sale of land because it was induced by fraud, in that notes indorsed by purchaser without recourse had been represented to be good, when some were worthless, accepted payment of one of notes and in amended petition alleged this fact and offered to bring money into court, he did not affirm or ratify contract of sale.

ON PETITION FOR REHEARING.

10. Where action to set aside contract of sale of ranch and live stock thereon and farm machinery was brought on theory that plaintiff had rescinded contract on ground that it was induced by fraud, and plaintiff was seeking return of property delivered under contract of sale, and

plaintiff offered to bring into court part payment received to be disposed of as court found just and equitable, court properly ordered plaintiff to retain such sum on finding value of personal property received by defendants exceeded this sum.

11. One who has been induced to sell personal property by fraud of the other party may ratify contract and bring action for deceit for damages sustained, or he may rescind contract and bring action of replevin to recover possession of property delivered, or he may waive return of property and bring action of trover or trespass and recover its value at time of transaction.

12. When one who has been induced to sell personal property by fraud can only recover part of his goods thus obtained from him, he may bring action of trover for value of remainder at time of contract.

13. Where amended petition in suit to set aside contract for sale of ranch and personal property alleged necessary facts to constitute conversion of personal property, including allegation that plaintiff notified defendant of rescission of contract, and demanded return of personal property, and that its return was refused, and defendants admitted essential allegations of petition regarding conversion of personal property, except as to its value, and that plaintiff was induced to enter into contract through fraud, only issues before trial court on question of conversion of personal property were its value and whether contract of sale was induced by fraud of defendant.

14. Refusal to deliver personal property on demand when such refusal amounts to a denial of plaintiff's right therein constitutes "conversion."

*See Headnotes: (1) 38 Cyc. p. 1267 n. 1; 39 Cyc. p. 1397 n. 96; (2-7) 38 Cyc. p. 1267 n. 1; p. 1296 n. 76, 77; p. 1300 n. 53 New; (8) 38 Cyc. p. 1551 n. 56; (9) 39 Cyc. p. 1294 n. 58; (10-12) 27 C. J. p. 18 n. 33; 35 Cyc. p. 508 n. 95; p. 537 n. 33 New; 39 Cyc. p. 1381 n. 52 New; (13) 38 Cyc. p. 2075 n. 49 New; (14) 38 Cyc. p. 2031 n. 70.

APPEAL from District Court, Uinta County; JOHN R. ARNOLD, Judge.

Action by Norris W. Griggs against Otto Meek and others. From a judgment for plaintiff, defendants appeal.

*Abraham Crawford, H. H. Henderson* and *Wade M. Johnson,* for appellants.

The judgment is not sustained by the pleadings; the action of respondent in accepting the Goodwall money and using it, was a ratification of the trade. Black Resc. etc. Contracts, 595, 596; Schiffer v. Dietz, 83 N. Y. 300; Richards v. Lowe, 149 Fed. 625; Dorr v. Alford, (Ia.) 82 N. W. 789; Levine v. Whitehouse, (Utah) 109 Pac. 2; Gallagher v. O'Neill, (Nebr.) 111 N. W. 582. He did not tender repayment of the money; the trial court erred in finding that plaintiff had been damaged more than the amount of money collected by him upon the Goodwall note; the evidence failed to establish that the Otto Meek notes were not good notes and the makers thereof solvent; the trial court further erred in considering evidence taken in April 1920 as a part of the hearing had in May 1923.

*P. W. Spaulding,* for respondent.

The evidence clearly established plaintiff's allegations of fraud and plaintiff was not required to bring an action for ejectment or quiet title. Macey Co. v. Macey, 106 N. W. 722. The deed from plaintiff to defendant was void for want of a grantee in being. Rixford v. Ziegler, 88 Pac. 1095; Nilson v. Hamilton, 174 Pac. 626; 18 C. J. 158; Robinson v. Davis, (Wyo.) 187 Pac. 932; Interstate Co. v. Lakeview Canal, 224 Pac. 851. There was no one to receive delivery of the deed for the corporation. 14 C. J. 520. The taking of a note for a third person will not extinguish a prior debt. Note to 25 L. R. A. (N. S.) 18; 14 C. J. 243; Story Eq. Jur. (14th ed.) Vol. 1, sec. 355. Inadequacy of consideration is convincing evidence of fraud. Wyo. Stockmen's Loan v. Johnston, 240 Pac. 449; Liebhardt v.

Lawrence, (Utah) 120 Pac. 219. Unless all of defendants are prejudiced by the ruling, it is not error; if it be good as to one, it is good as to all, since they appealed jointly. Meador v. Blonde, (Wyo.) 244 Pac. 222; McIntosh v. Wales, 134 Pac. 280; McManus v. McGrath, 126 Pac. 44; Ditch Co. v. Peterson, (Wyo.) 108 Pac. 72; Greenwalt v. Co., 16 Wyo. 226; 38 Cyc. 1944; Casper Co. v. Marcus, 223 Pac. 765. The evidence taken at the first hearing was properly considered at the adjourned hearing. Defendants would not have been entitled to a specific performance. Kaiser v. Barron, (Calif.) 96 Pac. 807; Hobbs v. Davis, 143 Pac. 735. Where a presumption of fraud is created it must be repelled by clear evidence. Bank v. Frantz, (Wyo.) 239 Pac. 531. The notes were worthless and the judgment of the court below should be sustained. Assignments of error must be several and not joint as they do not affect all parties. Meador v. Blonde, supra. It is the province of a court of equity to protect vendor's liens. Baldwin v. McDonald, (Wyo.) 156 Pac. 35; Lakeview Canal Co. v. Hardesty, (Wyo.) 224 Pac. 856; Platte Co. v. Frantz, 229 Pac. 534.

Before POTTER, Justice, TIDBALL and BROWN, District Judges.

BROWN, District Judge.

This case comes to this court on direct appeal. The parties therefore will remain as in the lower court.

The defendant Percy Meek is a son of Otto Meek. The defendant Western Investment Company is a Utah corporation, organized by defendant Otto Meek, May 29, 1919.

This is an action to set aside the contract of sale of the ranch, and the live stock thereon, consisting of horses, cattle, and the farm machinery used in connection therewith belonging to plaintiff, on the ground and for the reason that it was induced by the fraudulent representa-

tions of the defendant, Otto Meek. The defendant, Otto Meek, met plaintiff in the public highway at Fort Bridger and approached him with a proposition to buy his ranch, live stock, and farm machinery. There seems to have been no difficulty in arriving at the price. The defendant readily agreeing to pay the price asked, $13,000.00, in case the plaintiff would accept as part of the purchase price a note of Goodwall for $2000.00, three notes of East for $1000.00 each, a note of Bennett for $5000.00, and a note of Condra for $1200.00, the balance of $1800.00 to be paid in cash. Defendant represented at the time that all of these notes were good notes, that the makers thereof were financially responsible, that the notes would be paid when due and that he would guarantee their payment, and assist in their collection. The parties met again the next day at Stockgrowers Bank in Evanston and closed the bargain. A deed to the ranch property was made to defendant Western Investment Company, which company Otto Meek was then organizing. During the time the notes were being transferred to plaintiff, he stepped out of the room for a few minutes, and upon his return he noticed that on one of the notes the words, "without recourse" were written over Otto Meek's signature, but he was unacquainted with commercial matters and did not know that those words so used excused defendant from liability. The restricted endorsement had been placed upon all of the notes except the East notes. Defendant, Otto Meek, asked to take the East notes to have an error in them corrected, but instead of returning the original notes, corrected as he had stated, he had new notes made running direct to plaintiff, not endorsed, extending the payment for one year on each note. Otto Meek received the deed to the ranch, delivered it to the County Clerk for record and received it again after it had been recorded. Shortly thereafter the property covered by this deed was transferred by the Western Investment Company in consideration of One Dollar to

defendant Percy Meek. The Goodwall note of $2000.00 was collected after this suit was brought. None of the other notes was collected or could be collected. The other makers of the notes had all been in the employ of Otto Meek on a salary. None had any property and the reputation of each for solvency was bad.

At the close of plaintiff's case defendant rested without offering any evidence in support of his case. The court found that the contract was induced by the fraudulent representations of defendant, Otto Meek, that plaintiff had been damaged more than the $3800.00 he had received, and rendered judgment in plaintiff's favor.

The defendant brings the case to this court on direct appeal.

The trial in the lower court was commenced on the 22nd day of April, 1920. At the close of plaintiff's case, and during the arguments on defendants' motion for non-suit and dismissal of the case, plaintiff asked to be permitted to file an amended petition. This was granted by the court. The time for filing same was fixed by the court at forty five days; the same period thereafter was allowed for answer or other pleading by defendants, and fifteen days thereafter for a reply, and said order recited that plaintiff had asked that the case be continued for a reasonable time.

The defendants urge the overruling of their demurrer to the amended petition as error. Just wherein the amended petition fails to state a cause of action is not pointed out in defendants brief. We have carefully examined the amended petition and think it cannot be attacked on general demurrer. After adjourning the case in April, 1920, to permit plaintiff to file an amended petition, and defendants to join issue thereon, the cause drifted to May 10, 1923. At this time, on taking up the case, the court held, to which an exception was taken by defendants, that the hearing at this time was a continuation of the trial started

April 22, 1920, and that it would consider at this time the evidence taken at such former hearing. This action of the trial court is relied upon by defendants for a reversal of the case.

In so holding, the court stated as its understanding at the time the former trial was continued or adjourned that the evidence that had been admitted would be considered applicable ''in the continuance of the case,'' to which one of counsel for defendants replied that while he realized there was no use of going over the testimony two or three times and he had no desire to do so, some of the evidence previously taken might not be applicable or might be objectionable because of the amended petition. Whereupon, plaintiff's counsel stated in effect that there had been no substantial change in the pleading, but that the action was and had remained one to set aside a void deed, the evidence having been to the effect that plaintiff had received no consideration. The court then stated that ''the court considers that this case was continued, and the parties allowed to amend their pleadings, and that this is a continuation of the original hearing,'' and that ''the evidence heretofore adduced in so far as the same is applicable to the present amended pleadings will be considered by the court.'' Thereupon, counsel for defendants expressed a desire to except, whereupon the court continued, ''I believe that was the understanding at the time we continued the case, and it is so ruled, and the exception is allowed.'' We think this colloquy, shown in the record, may be taken as showing an understanding of the court and parties at the time the trial in 1920 was adjourned, that the evidence already in should be considered upon the further trial of the case, except that counsel for defendants desired to be in a position where they might object to such parts of the former testimony as they deemed inapplicable under the new pleading, or that they might be permitted to tender such objections, and that seems to

have been allowed them. It does not clearly appear that there was not such an understanding for the use of the former testimony, and the character of the objection to its use when the trial was resumed indicates, we think, the aforesaid limitation thereof.

It will be necessary to a complete understanding of this question to examine briefly the original and the amended petitions and note the departure, if any, in the amended petition from the allegations in the original petition, in order to determine whether or not the evidence introduced in support of the original petition also supports the allegations of the amended petition. It should be noted here that the answers in each instance were substantially a general denial, with some admissions that need not be noticed here. In the original petition in addition to the usual allegations in a petition to set aside a contract of sale on the ground that it was induced by the fraudulent representations of the defendant, the plaintiff alleged:

"That after the plaintiff had executed and delivered the said warranty deed by him executed as aforesaid and had transferred said personal property to said defendant Otto Meek as aforesaid and upon so doing, said defendant indorsed said promissory notes to the plaintiff and fraudulently indorsed over and upon his name thereon the phrase "without recourse," that said plaintiff is a rancher and is not learned or skilled in the use of commercial terms and did not know the meaning of said indorsement but did rely upon the statements and representations of said Otto Meek that he would guarantee the payment of all of said notes and did understand and believe that said indorsement was one whereby said defendant guaranteed the payment of said notes and did not learn to the contrary until about September 1st, 1919, when he was informed of the true intent and meaning of said indorsement by his attorney, and the said defendant did so indorse the said notes with the intent to mislead and defraud the plaintiff in that the said defendant then was and now is a sufficient and good security for the sums mentioned in said notes and all thereof and by said indorsement he has intention-

ally misled the said plaintiff in believing that his said
guarantee of payment of said notes was and is good when
by said indorsement he has relieved himself thereof and
therefrom and for all liability thereunder.''

In this paragraph of his petition the plaintiff sets out
again more in detail the fraud of the defendant in endors-
ing the notes without recourse. In other paragraphs he
had alleged sufficiently the fraudulent representations
with reference to the notes being ''good,'' the financial
standing of the makers, that they would be paid when due,
and that defendant would guarantee their payment. The
amended petition was substantially the same as the orig-
inal petition, except that it omitted the quoted paragraph.
This paragraph had stated no fact that had not been
stated elsewhere in the petition, except, ''the defendant
then was and now is a sufficient and good security for the
sums mentioned in said notes.'' The deletion of this fact
does not change the issues nor the proof necessary to main-
tain the action.

What is a trial? When does it commence? When does
it end? Blackstone says, ''Trial, then, is the examination
of the matter of fact in issue.'' Black. Comm. 3300. This
was the conception of the word at common law. In modern
times trial is usually said to be, ''The examination before
a competent tribunal, according to the law of the land, of
the facts or law put in issue in a cause for the purpose of
determining such issue including all of the steps in the
case from the submission to the jury or to the court, to
the rendition of the judgment.'' Bouv. Law. Dict. 3320.
Under our statute, ''A trial is a judicial examination of
the issues, whether of law or of fact, in an action or pro-
ceeding.'' Sec. 5720, Wyo. Comp. Stat. 1920. Just when a
trial commences is a difficult question. Without attempt-
ing to include all of the technical niceties, a trial may be
said to have commenced when all of the preliminary ques-
tions have been determined and the jury, or the court in

the absence of a jury, enters upon the examination of the facts for the purpose of determining the controversy. Lipscomb v. State, 76 Miss. 223; 25 So. 158; State v. Johnson, 24 S. D. 590, 124 N. W. 847. We are concerned in this case with the question of when does a trial end, rather than when does it commence, since in this case the plaintiff had introduced all of his evidence and rested when the hearing was interrupted. Ordinarily a trial is not ended until a judgment can be entered, which shall be a final disposition of the controversy on its merits. Hyatt on Trials, Vol. 1, page 44; R. R. Co. v. Muse, 4 A. L. R. 613. There is authority to the effect that a hearing which does not terminate in a judgment is not a trial. State v. Hasledike, 52 N. W. 315, 16 L. R. A. 150. That a trial, once commenced, does not end until the completion of the examination or investigation in controversy there can be no doubt. It has been held that the arguments on a demurrer which terminated in a judgment disposing of the case was a trial. Small v. Ludlow, (N. Y.) 1 Hilt. 307; Pratt v. Lincoln Co., 20 N. W. 726; Ry. Co. v. Reynolds, 20 N. W. 711. And the presentation of a motion for judgment on the pleadings was not a trial, where the motion was denied. Pach v. Gilbert, 9 N. Y. Supp. 546. It would therefore appear that the term ''trial'' contemplates the final disposition of the controversy, either on the facts or on a question of law. The length of time that elapses from the commencement of the trial to its determination, where such time is not limited by statute, must rest in the sound discretion of the trial court. There was no abuse of such discretion in this case.

At the close of the plaintiff's case at the hearing in April, 1920, and again at the conclusion of the plaintiff's case in May, 1923, defendant moved for non-suit and dismissal of the case, both of which motions were overruled by the trial court. We have no involuntary non-suit under our practice, for the insufficiency of the evidence. The

territorial Supreme Court in 1882 construed Sec. 5879, Comp. Stat. 1920, to require in such case a decision on the merits. This has been the law in this state since that time. Sales v. Wilson, 31 Wyo. 55; Bader v. Mills & Baker, 28 Wyo. 191; Mulhern v. U. P. Ry. Co., 2 Wyo. 465; Hoy v. Smith, 2 Wyo. 459.

The Goodwall note was paid after suit was brought and the proceeds therefrom paid to plaintiff. The defendant urges that the plaintiff by accepting the money on this note, knowing all of the circumstances thereby affirmed the contract and should not be permitted to rescind it. He quotes the following from Black on Rescission and Cancellation of Contracts, Vol. 2, Par. 585: "Affirmance of a voidable contract or a waiver of the right to rescind it, will be presumed against the party who, having full knowledge of the circumstances which would warrant him in rescinding it, nevertheless accepts and retains benefits accruing to him under the contract." That this is the general rule of law there can be no doubt. This rule, however, we think should not apply under the facts in this case. The property of plaintiff was sold to defendant for $13,000.00, $1800.00 of which was paid in cash, the balance of $11,200.00 in notes. The plaintiff had received in money the original cash payment and the proceeds of the Goodwall note, $3800.00 in all. In his amended petition he alleged this fact and offered to bring this money into court. Also while on the witness stand he offered to bring this money into court to be disposed of as appeared just and equitable to the court. The balance of the notes, amounting to $9200.00 were worthless. The real property was worth, according to the evidence, about $7000.00. The plaintiff's damage as found by the court was in excess of the cash he had received. The Goodwall note was made payable at the Commercial National Bank of Ogden, Utah, and left there for collection before suit was brought. This bank collected it after suit was brought and transmitted

the proceeds to plaintiff. We think plaintiff was required to receive it and bring it into court as he did to be disposed of by the court in its judgment, and that by so doing he has not affirmed nor ratified the contract. The court in Tarkington et al. v. Purvis, 128 Ind. 182, 25 N. E. 879, uses the following language:

"Equivocal acts, however, which do not clearly evince a purpose, with complete knowledge of the fraud, to retain the property as his own will not defeat the right of a person defrauded to rescind. The act must be unequivocal and must show an election to retain the property after discovering the deceit before the right to rescind is gone. In the present case the right to claim a rescission has been fully perfected by the appellee by tendering back everything that had been received, and by offering to place the fraudulent vendor in *status quo*. That the plaintiff below afterwards receives money arising from the sale of some of the assets of the firm in no way militates against his right to compel the rescission since it does not appear that the property was sold in the course of the business of the firm, and the money received was fully accounted for without loss to the appellant."

And, quoting again from the opinion:

"Where subsequent acts are relied upon as a defense in a case where fraud is clearly established, it is said the acts must stand upon the clearest evidence and must evince a purpose to waive or forgive the fraud and must amount to a clear election not to rescind. If what is done is merely for the purpose of saving the plaintiff from further loss without any purpose to give up whatever right he may have, either at law or in equity to rescind, the right of rescission will not be affected."

Numerous exceptions were taken to adverse rulings of the court while taking the testimony in the case. These are now urged as error. But we have carefully examined them all and find no reversible error therein.

The judgment, upon finding generally for the plaintiff and that there remained due to the plaintiff of the purchase price for the real and personal property described in the petition and amended petition the amounts represented by the promissory notes described in said amended petition, for $5000, $1200, and $1000 respectively, ordered and adjudged that the deed executed by the plaintiff as grantor to the defendant, Western Investment Company, as grantee, dated May 22, 1919, and filed for record May 27, 1919, and appearing to have been recorded in the office of the county clerk and ex-officio register of deeds in the county of Uinta in Book 88 of Deeds at page 272, be, "and the same hereby is, cancelled and set aside and held for naught;" also that the plaintiff at the date of said deed was "and now is" the owner of the lands described in said deed and the appurtenances. And it was further ordered and adjudged that the plaintiff, within thirty days, deliver to the clerk the said promissory notes, and that thereupon the defendant be allowed ten days within which to pay to the clerk for the use of the plaintiff the principal sum of said notes, and that upon said payment being so made, the plaintiff shall execute, acknowledge and deliver to said clerk a good and sufficient deed conveying said real estate and appurtenances to Otto Meek, and shall thereupon receive the amount of said payment from said clerk. But that if said payment be not made within the time stated and required, then the defendants and each of them and all persons claiming under them or either of them, in possession of said real estate and appurtenances or any part thereof, shall immediately surrender and deliver full and complete possession thereof to the plaintiff; and that if such possession be not so surrendered and delivered within forty-five days from the date of the judgment, then the clerk, upon demand of plaintiff, shall issue and deliver to the sheriff a writ of restitution, whereunder the said sheriff shall forthwith place the plaintiff in

full and complete possession of such real property and appurtenances, and the defendants and each of them "are hereby enjoined and restrained from thereafter in any manner interfering with or molesting the possession, use or enjoyment of the premises by the plaintiff, his heirs or assigns."

It follows, in our view of the case as above stated in discussing the questions presented for consideration, that the said judgment must be affirmed in all respects, and it will accordingly be so ordered.

*Affirmed.*

POTTER, Justice, and TIDBALL, District Judge, concur.

### ON PETITION FOR REHEARING

BROWN, District Judge.

Counsel for defendants have filed a petition supported by brief asking a rehearing on the following grounds:

1. "This court erred in affirming the judgment of the lower court by deciding that a party who has made a sale of personal and real property can rescind the same, and in the same action for a rescission recover damages."

2. "That the finding that the personal property delivered by Griggs to the defendants has been converted and disposed of by the defendants or either of them, is without any evidence to sustain it."

The first proposition was discussed in our former opinion, and sufficiently so, but that our position may not be misunderstood, we add the following to what was there said.

Neither of the above assignments of error accurately states the finding and judgment of the court. The action was brought and prosecuted on the theory that plaintiff had rescinded the contract of sale on the ground that it was induced by the fraud of defendant, Otto Meek, and

was seeking the return of the property he had delivered to Otto Meek under the contract of sale. He was not seeking, nor was he awarded, damages by the court. He had some money in his possession that he had received under the contract which he offered to bring into court to be disposed of as the court found just and equitable. This money the court ordered the plaintiff to retain, finding the value of the personal property received by defendants exceeded this sum. This we think proper. One who has been induced to sell personal property by the fraud of the other party, has the choice of several remedies. He may ratify the contract and bring an action for deceit for any damages he has sustained, or he may rescind the contract and bring an action of replevin to recover the possession of the property he delivered to defendants, or he may waive the return of the property and bring an action of trover or trespass and recover its value at the time of the transaction. Pearson v. Wallace, et al., 171 N. W. 402; Amer. v. Hightower, 70 Calif. 440, 11 Pac. 697. Wendling Lumber Co. v. Glenwood Lumber Co., 95 Pac. 1029; 24 R. C. L. 328. When he can only recover part of his goods thus obtained from him he may bring an action of trover for the value of the remainder at the time of the contract. Silvey v. Tift, 123 Ga. 804, 51 S. E. 748, 1 L. R. A. (N. S.) 386.

The court below found, with reference to the personal property, ''that the defendant Otto Meek received from the plaintiff and converted to the use of the defendants the personal property of plaintiff described in said amended petition, equal and greater in value to the payment made by said defendant Otto Meek to the plaintiff on account thereof, amounting to the $1800 cash payment and the proceeds of the note of W. F. Goodwall for $2000, as alleged in said amended petition.''

The assignment of error, "that the finding that the personal property delivered by Griggs to the defendants has been converted and disposed of by the defendants or either of them is without any evidence to sustain it," overlooks the issue raised by the pleadings. The amended petition, among other things, alleged the necessary facts to constitute the conversion of the personal property, including the allegation that plaintiff notified Otto Meek of his rescission of the contract and demanded the return of the personal property, and that its return then was and still is refused. Defendants admitted the essential allegations of the petition in reference to the conversion of the personal property, except as to its value, and that the plaintiff had been induced to enter into the contract through the fraud of Otto Meek. They admitted that Otto Meek had received the personal property described, but alleged that he received it for the Western Investment Company, and had delivered it to that Company on May 28, 1919; admitted that Western Investment Company had sold it to the defendant Percy R. Meek, a stranger to the original contract, and admitted that they refused and still refuse to deliver it to plaintiff.

We think, therefore, that the only issues before the trial court on the question of the conversion of the personal property of plaintiff by defendants were its value and whether the contract of sale was induced by the fraud of Otto Meek. The finding on both of these issues were sustained by the evidence. Blackstone, Vol. III, p. 152, says:

"Actions of trover were at length permitted to be brought against any man who had in his possession, by any means whatsoever, the personal goods of another, and sold them, or used them without the consent of the owner, or refused to deliver them when demanded."

"The refusal to deliver personal property on demand when such refusal amounts to a denial of plaintiff's right therein constitutes conversion." Phillips v. Shackford, 21 R. I. 422, 44 Atl. 306.

A rehearing will be denied.

Blume, Chief Justice, and Kimball, Justice, concur.