## Susquehanna Anthracite, Inc. v. Glen Alden Corp.

*J. T. Griffith, John J. Aponick, Jr.,* and *Robert M. Landis,* for plaintiff.

*Joseph L. Reynolds, 3rd,* and *Henry Thalenfeld,* for defendant.

PINOLA, P. J., October 13, 1964.—Plaintiff has obtained a rule to show cause why the stenographer should not be required to transcribe the testimony taken in a partial hearing of the above case.

By stipulation of the parties, the sole issue for determination involves the validity of a counterclaim filed by defendant. From June 9th to 11th, the hearing proceeded before Judge Lewis. Defendant called its witnesses, and, except for the offer in evidence of a deposition of a witness and a ruling on defendant's request for plaintiff's production of documents, it had con-

cluded its case at closing on June 11, 1964. Judge Lewis then set June 2nd at 10 a.m. for the adjourned hearing. On that day he withdrew from the trial of the case.

Defendant contends that the action of Judge Lewis placed its case in a precarious position, because it exposed all of defendant's evidence to plaintiff and provided an opportunity for plaintiff to mold its defense, to be presented at a future time, to counteract the evidence of defendant. One need not be an experienced trial lawyer to know the greatest advantage one can have at trial is a transcript of the testimony of the other side.

Plaintiff has seized upon the action of Judge Lewis to extend the great advantage afforded it by seeking an official transcript of the testimony of defendant's witnesses sufficiently in advance of the trial so that no jot or title of defendant's evidence can go unscathed from plaintiff's long prepared attack.

Plaintiff's counsel would have us believe that they are making the request to protect "the witnesses who have testified thus far . . . so that they will not be confronted with haphazard or partial restatements of their prior testimony and asserted inconsistencies with testimony that they might give in the new proceedings." What they really want is to be assured "that the sworn testimony of the witnesses in the new trial will not be changed under the exigencies of the litigation from that which they gave the first time."

Counsel for plaintiff declared that this proceeding is unprecedented in the courts of Pennsylvania. We would add that it is unprecedented in the courts of the entire United States. This is so because the question involved is simple, so very simple.

The request which counsel make is without any statutory or judicial sanction or justification.

Two statutes govern the transcribing of testimony. Under the Act of May 1, 1907, P. L. 135, sec. 7, 17 PS,

§1808, plaintiff could have obtained an order prior to the commencement of the trial requiring the daily transcription of the testimony. This it did not do.

The other statute, the Act of May 11, 1911, P. L. 279, sec. 1, 12 PS §§1196, et seq., governs the filing of exceptions at trial, the transcription of the evidence and the correction of the transcript. Section 1 declares that exceptions are to be noted by the stenographer on all rulings. Section 2 deals with exceptions to the court's charge. Section 3 relates to the transcript of testimony. Section 4 deals with correction of possible errors in the transcript. Section 5 permits the exclusion of certain testimony by agreement, and section 6 declares that there is no need of an exception to a court's decision.

Section 2 was amended by the Act of May 24, 1923, P. L. 439, 12 PS §1197. It now provides that when an exception to the charge is taken, "the charge, notes of testimony, points, and answers shall be filed and become part of the record for the purpose of assignment of errors, without any requests that the charge and notes of testimony be reduced to writing. . . ."

This is one way through which the entire testimony is transcribed: Valentine v. Seigfried, 41 Schuyl. 39.

In the very next section, section 3, 12 PS §1198, we find the normal way of obtaining the transcript of testimony. It reads as follows:

"The official stenographer shall transcribe the notes *of the evidence taken upon the trial of any case,* under the following circumstances and those only: (a.) When directed by the court so to do; or (b.) when an appeal has been taken to the Supreme or Superior Court; or (c.) when he shall be paid for a copy thereof by a person requesting him to transcribe it."

The language is crystal clear: it provides for the transcript of the evidence taken *"upon the trial"* of any case. It does not refer to testimony taken "during a trial" or testimony taken "at a partial trial."

We must remember that the chief object of taking down testimony is not for the benefit of the trial court, but in order that in case of a review of the judgment a full and complete record of the proceedings may be written out to be laid before the appellate tribunal: Keady v. Owers, 69 Pac. 509 (Colo.).

According to Stephen on Pleading, 77, the *decision of the issue of fact is called a trial.*

In Griggs v. Meek, 37 Wyo. 282, 261 Pac. 126, the court discussed the meaning of the word "trial" as follows: .

"What is a trial? When does it commence? When does it end? Blackstone says:

" 'Trial, then, is the examination of the matter of fact in issue.' 3 Black. Comm. 330.

"This was the conception of the word at common law. In modern times trial is usually said to be:

" 'The examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause for the purpose of determining such issue, including all of the steps in the case from the submission to the jury or to the court, to *the rendition of the judgment.*' 3 Bouv. Law Dict. 3320."

In Cherniak v. Prudential Insurance Co., 339 Pa. 73, at the trial each side introduced evidence, both oral and written, and at its close both sides submitted points for binding instructions. The trial judge requested oral argument on the points and at the close of these arguments made the following statement: "I shall have to direct a verdict." Thereupon, counsel for plaintiff asked for a voluntary nonsuit and the court replied: "It is too late."

Under the Act of 1814, 6 Sm. L. 208, sec. 2, a nonsuit could not be suffered if the jury "shall be ready to give in their verdict." Justice, later Chief Justice, Maxey declared:

"Blackstone defines a trial to be 'the examination of

the matter of fact in issue': 3 Bl. 330. 'A trial is an examination before a competent tribunal, according to the law of the land, of the facts or law or both, put in issue in a cause, for the purpose of determining such issue': Bassett's Cr. Pl. 327.

"It is well settled that if the determination of an issue on trial rests on a question of law, the court determines it."

He held, at page 75:

"The issue having resolved itself into one of law and not of fact, the jury's function ceases to be deliberative and becomes ministerial."

And, at page 76, he said:

"It is true that the motion for a voluntary nonsuit was made before the court had formally directed a verdict for the defendant, but the court, having announced that it would 'direct a verdict,' the formal instruction followed as a matter of course upon the judicial conclusion already reached."

In a general sense, the term "trial" means the investigation and decision of a matter in issue between the parties before a competent tribunal, including all the steps taken in the case from its submission to the court or jury *to the rendition of judgment:* 88 C. J. S. 19, §1. And in §2, page 21, we find that the term "trial" *contemplates a final disposition* of the controversy, either on the facts or on a question of law, and when once commenced, a *trial does not end until* the examination or investigation is completed and a *judgment can be entered.* A trial is not concluded as long as any phase of the case is open for consideration and is not concluded until motions for judgment and new trial are disposed of.

Where the question has arisen, all courts hold that the term "trial" in a statute refers to the hearing and *determination of issues* of fact involved: Meier v. Superior Ct., 55 Cal. App. 2d 675, 131 P. 2d 554; Haupt

v. LaBrea Heating & Air Conditioning Co. 125 CA 2d Supp. 888, 270 P. 2d 125; Gulf C. & S. F. Ry. Co. v. Smith, 270 P. 2d 629 (Okla.).

Here we are dealing with a hearing in equity. In Webster's New International Dictionary (2d ed.), the definition of "hearing" is as follows:

"Law: In Equity practice, a trial."

In Wisconsin Telephone Co. v. Public Service Commission, 232 Wis. 274, 287 N. W. 122, 133, the court said:

"The word 'hearing' has an established meaning in equity law. When used with reference to equity cases it means the same as the word 'trial' does when used with reference to cases at law."

The term "hearing" in its technical application in equity practice, denotes the *trial* of the case, including the *introduction of evidence*, the *argument* of counsel *and* the *decree:* 30 C. J. S. 876, §480; Joseph Dry Goods Co. v. Hecht, 120 Fed. 760, 57 CCA 64.

Plaintiff seeks the transcription under the authority of the statute, and we are satisfied that the statute applies to a hearing in equity.

Here, however, only a partial trial has been had, only part of the evidence of defendant has been received, and we have none of plaintiff's evidence.

A trial is a completed hearing before a judge who has jurisdiction: Bullard v. Kuhl, 54 Wis. 544, 11 N. W. 801.

It is incomplete until all the issues of law, as well as of fact, have been determined and the *final judgment is entered:* 53 Am. Jur. 29, Trial, §4.

All courts agree with this proposition, though they express it in various ways. As one court put it: Issues are not "tried" merely by the hearing of the testimony thereon; submission to the jury undoubtedly is part of the process: Harkey v. Texas Emp. Ins. Association, 146 Texas 504, 208 S. W. 2d 919.

The term "trial" includes all steps from submission to the jury, of evidence, *to the rendition of judgment:* Price v. Seiger, 33 S. W. 2d 519 (Texas); Lawyers Lloyds v. Webb, 150 S. W. 2d 181 (Texas); Castellaw v. Blanchard, 106 Ga. 97, 31 S. E. 801; State v. Pritchard, 115 Ind. App. 55, 54 N. E. 2d 283; Central Loan & Investment Co. v. Loiseau, 58 S. D. 88, 235 N. W. 105; Campbell v. Hulett, 243 S. W. 2d 608 (Ky.); Molen v. Denning & Clark Livestock Co., 56 Idaho 57, 50 P. 2d 9, Griggs v. Meek, 37 Wyo. 282, 261 Pac. 126, City of Los Angeles v. Cole, 162 P. 2d 306 (Cal. App.); and Leonard's of Plainfield v. Dybas, 130 N. J. L. 135, 31 A. 2d 496.

In State v. Civil Service Board, 226 Minn. 240, 247, 32 N. W. 2d 574, 579, the court declared:

"The right to a trial includes that of being heard, production of witnesses and documents, the taking of evidence, examination and cross-examination of witnesses, representation by counsel, presentation of arguments, *decision upon the merits,* and everything incident thereto."

A trial is not concluded until finally submitted to court, referee or jury: Muggatt v. Wilcox, 35 Howard Prac. 410 (N. Y.).

In Nevitt v. Wilson, 116 Texas 29, 285 S. W. 1079, the court went further, holding:

"The trial of a cause is not concluded until motions for judgment and new trial are disposed of."

In California a trial is not completed until the decision of the court: Engleman v. Green, 125 CA 2d Supp. 882, 270 P. 2d 127. In Hastings v. Hastings, 31 Cal. 95, the court had orally announced its decision but the judge changed his mind over night, and it was held that the trial was not finished until the decision had been written and signed. And, in Heffernan v. Bennett & Armour, 230 P. 2d 658 (Cal. App.) it was

held that the trial was incomplete until the decision is filed with the clerk.

The cases cited by counsel for plaintiff, Commonwealth v. Ezell, 212 Pa. 293, and Commonwealth ex rel. Sell v. Burke, 174 Pa. Superior Ct. 344, involved the transcript of evidence of a completed trial. In such case, a party is clearly entitled to the transcript if he complies with the provisions of the statute. But we again point out that here we have only part of defendant's evidence and none of plaintiff's evidence. The trial was not completed, and, therefore, we conclude that plaintiff is not entitled to a transcript of the testimony taken before Judge Lewis.

Accordingly, we enter the following

*Order*

Now, October 13, 1964, at 9 a.m. (EDT), the rule to show cause why an order should not be made requiring the stenographer to transcribe the evidence is discharged.