No. 10,467.

## HUNNEL *v.* THE STATE.

CRIMINAL LAW.—*Change of Venue.*—*Practice.*—*Murder.*—In the absence of a rule of court upon the subject, an application for a change of venue from the county may be made at any time before the jury is sworn to try the issue, and if the application is in proper form, founded on excitement or prejudice in the county, the statute, R. S. 1881, section 1771, requires, in capital cases, that the venue be changed.

TRIAL.—*Jury.*—A trial by jury can not begin until the jury is sworn, and in a criminal cause does not include the arraignment or any other merely preparatory proceeding taken prior to swearing the jury to try the cause.

From the Vanderburgh Circuit Court.

*C. Denby* and *D. B. Kumler,* for appellant.

*W. H. Gudgel,* Prosecuting Attorney, *C. A. DeBruler* and *E. R. Hatfield,* for the State.

NIBLACK, J.—This was a prosecution against the appellant, Thomas Hunnel, upon an indictment for murder in the first degree. The indictment was returned into court on the 1st day of October, 1881. The cause was afterwards set down for trial on the 20th day of December, 1881, which was the 14th judicial day of the December term of that year. On the last named day the appellant appeared in person, and by his attorneys, and on being arraigned, pleaded not guilty to the indictment. It was thereupon announced by the prosecuting attorney, as well as the attorneys for the appellant, that the cause was ready for trial. It being then about 10 o'clock A. M. of the day last above named, the court proceeded to empanel a jury. At noon, when the court took a recess, ten competent jurors had been selected and placed in the jury box. Up to that time the State had peremptorily challenged eight, and the appellant fourteen, persons called as jurors, and the court had set aside somewhere from fifteen to twenty persons as incompetent because they had either formed or expressed an opinion upon the guilt or innocence of the appellant. Upon the reassembling of the court, after

the noon recess, the appellant filed his affidavit for a change of venue from the county, the body of which was as follows:

"The said defendant, Thomas Hunnel, being duly sworn, says that he believes he can not receive a fair trial in the county of Vanderburgh, owing to excitement and prejudice against him in said county, and prays for a change of venue, and demands to be tried by disinterested triers. And affiant further says that if there be any rule of this court prescribing the time in which affidavits for changes of venue are to be filed he is ignorant of its existence, and he further says that he did not know of the existence of the said excitement and prejudice against him until this day, and that, immediately upon its becoming known to him, he procured this affidavit to be written and filed."

The application for a change of venue thus made was overruled upon the grounds—

*First.* That the affidavit showed no diligence.

*Second.* That, under the uniform rules and practice of the court, it came too late.

*Third.* That, in view of what had occurred during the progress of the cause, the court was of the opinion that there was no undue excitement or prejudice against the appellant.

The court then proceeded to complete the panel of the jury and with the trial of the cause, the result being a verdict finding the appellant guilty of manslaughter, and fixing his punishment at imprisonment in the State's prison for the term of fifteen years. After denying a motion for a new trial, the court gave judgment upon the verdict.

The first question presented in its proper order is, Did the court below err in overruling the appellant's application for a change of venue?

Section 1769 of the code of 1881, which has reference to proceedings in criminal cases, provides that "The defendant may show to the court, by affidavit, that he believes he can not receive a fair trial, owing to the bias and prejudice of the

judge against him, or to excitement or prejudice against the defendant in the county, or some part thereof, and demand to be tried by disinterested triers."

Section 1771 further provides, that "When the affidavits are founded upon excitement or prejudice in the county against the defendant, the court, in all cases not punishable by death, may, in its discretion, and in all cases of felony punishable by death shall, grant a change of venue to the most convenient county."

The time within which an application for a change of venue shall be made may, in ordinary cases, be prescribed by a regularly adopted rule of court, and the validity of such a rule, so long and so far as it is reasonable in its operation, will be recognized by this court. *Krutz* v. *Griffith*, 68 Ind. 444; *Redman* v. *State*, 28 Ind. 205.

But the record before us does not disclose the existence of such a rule in the court below at the time this cause was tried, and it is admitted in argument that, at that time, no rule upon that subject had been adopted by that court.

No objection is made either to the form or substantial sufficiency of the affidavit under the statute. It is only objected that as an application for a change of venue it came too late.

In support of that theory, counsel for the State argue that the appellant, by announcing through his attorneys, that he was ready for trial, and by uniting in the work of empanelling a jury, had lost the power of retraction as to the time and place of the trial, and had, in this way, precluded himself from afterwards setting up a claim that he could not receive a fair trial in the county of Vanderburgh, for the purpose of postponing the trial and obtaining a change of venue; that hence, for all practical purposes, the trial had begun before the application for a change of venue was made.

In some of the States it has been held that the right to apply for a change of venue remains open until the trial begins; and, in the absence of any rule of court to the contrary, we

think such ought to be recognized as the proper practice in this State. *Price* v. *State*, 8 Gill, 295 ; *Edwards* v. *State*, 25 Ark. 444. In the same connection it has been further held that the trial does not begin until the panel is completed and the jury sworn. *Price* v. *State*, *supra; Weaver* v. *State*, 83 Ind. 289 ; *Sanders* v. *State*, 85 Ind. 318. This court has substantially agreed to that definition of the time at which the trial begins in both civil and criminal cases. *Jenks* v. *State*, 39 Ind. 1 ; *Glenn* v. *Clore*, 42 Ind. 60.

In its general sense the term " trial " means the " investigation of a matter in issue between opposing parties before a 'tribunal competent to decide upon it ; " and, in a criminal cause, the term does not include the arraignment, or any other merely preparatory proceeding which may be taken prior to the time of administering the requisite oath to the jury. *United States* v. *Curtis*, 4 Mason, 232, 237.

A jury is a body of men summoned and sworn to decide upon the facts in issue at the trial. 1 Abbott's Law Dictionary. Hence, men summoned as jurors must, also, be sworn before they constitute an organized and competent tribunal to which the issues in a cause can be submitted for trial. It necessarily follows that a trial by jury can not begin until the jury is sworn.

It will be observed that, by section 1771 of the code of 1881, *supra*, the court is peremptorily required to change the venue from the county, in causes like this, where the punishment may be death, when a proper application is made demanding such a change. For that reason many of· the decisions of this court on the subject of changes of venue, made under previous statutes, allowing courts to exercise a discretion as to changing the venue in criminal cases, have no application to the case before us.

What we have said brings us irresistibly to the conclusion that the court below erred in overruling the appellant's application for a change of venue, and that, for that cause, the judgment will have to be reversed.

The judgment is reversed, and the cause remanded for further proceedings.

The clerk will give the necessary notice for the return of the prisoner to the jail of Vanderburgh county.