STATE OF WYOMING,

*Plaintiff and Respondent,*

vs.

ROBERT WILLIAM ANDERSON,

*Defendant and Appellant.*

(No. 2563; March 31st, 1953; 255 Pac. (2d) 220)

For the defendant and appellant the cause was submitted upon the brief of Raymond, Guthrie and Raymond, of Newcastle, Wyoming.

For the plaintiff and respondent the cause was submitted upon the brief of Honorable H. S. Harnsberger, Attorney-General, Paul T. Liamos, Jr., Assistant Attorney-General and James L. Hettinger, Assistant Attorney-General, all of Cheyenne, Wyoming.

## OPINION

RINER, J.

This case comes before the Court on a motion to dismiss an appeal from an order of the District Court of

Weston County which denied a motion to enjoin the enforcement of a judgment of a Justice of the Peace in said county.

Robert William Anderson was arrested and brought before Justice of the Peace, Dorothy E. Shank, on a criminal complaint charging him with operating a motor vehicle on the highways of the State of Wyoming while intoxicated. Defendant Anderson requested trial before a jury. On February 21, 1951, the date set for the trial, defendant Anderson filed an affidavit of prejudice against the said Justice of the Peace. She accordingly transferred the case to be heard before one Fred Hansen, a Justice of the Peace, residing in the town of Upton in Weston County. That official set the case for trial at Newcastle, Wyoming, to be heard on March 6, 1951. Defendant again demanded that the case be tried before a jury. That request was granted. The case was thus tried resulting in a verdict of guilty, on which the Justice entered judgment that the defendant, Anderson, pay a fine of $50.00 and costs taxed at $19.45. Thereupon defendant filed a Notice of Appeal, gave bond set at $100 and this bond was approved by the presiding Justice. Nothing further seems to have been done until September 10, 1951. On that date Justice Hansen filed in the District Court of Weston County a transcript of the proceedings in the cause. Thereafter on March 3, 1952, the County and Prosecuting Attorney of said county filed in the District Court aforesaid a motion that said court make an order "dismissing the appeal of the Defendant and carrying into effect the judgment of the Justice of the Peace on the ground that the Defendant has not perfected his appeal, in that there are not sufficient pleadings and instruments before the court at this time upon which to try this case." This motion was heard the same day it was filed and the Court

found that: "this Court has no jurisdiction over the subject matter" and it was "Therefore ordered *that the appeal and proceedings herein be and the same are hereby dismissed.* To all of which defendant excepts." (Italics supplied.)

This order was dated March 4, 1952, and the order form was filed in the office of the District Clerk on March 4, 1952. April 1, 1952, the defendant, Robert William Anderson, filed a motion setting out that: " * * * after such appeal had been taken the said Justice of the Peace wholly failed to file in the District Court or the office of the Clerk of the District Court any recognizance or undertaking to require the material witnesses to appear and testify on the trial of said appeal and he wholly failed to file certain original papers in said case among them, the original complaint and warrant issued herein. That as a result thereof your said defendant has been deprived of his day in Court and his right to an appeal because of the failure of the Justice of the Peace to comply with the statute in such cases made and provided." Also that: "said Justice of the Peace was guilty of malfeasance as a result of his failure so to do and under and by virtue of Section 15-212, W.C.S. 1945, is guilty of misdemeanor." And that: " * * * notwithstanding the said wrongful acts of the Justice of the Peace he now asserts the right to collect the fine herein levied against the defendant and to enforce said judgment which was made effective by his failure to file the proper papers in said appeal. That said order of dismissal heretofore made herein dismissed the appeal and proceedings herein." This motion requested an " * * * order of this Court directing the Justice of the Peace herein, Fred Hansen, to appear and show cause, if any he has, why he has failed and neglected to comply with said statute and why he should not be punished

as by law provided and enjoined from the enforcement of his judgment herein and that he notify the Highway Department to release any charge against the defendant growing out of said action and for such other and further orders as the Court may deem necessary."

On the 18th day of April, 1952, the District Court made an order in the cause of State of Wyoming vs. Robert William Anderson reading: "This matter having come on for hearing on this 18th day of April, 1952, upon the Motion of Robert William Anderson by and through his attorneys, Raymond, Guthrie and Raymond, and the Court having examined the files herein and after having heard the argument of counsel thereon, IT IS HEREBY ORDERED that the Motion of the Defendant be denied. That the Defendant excepts to the above ruling, which exception is allowed."

This order was entered on the Journal of the Court on April 23, 1952. Thereafter a Notice of Appeal in the cause was filed by defendant, Anderson, in the District Court on April 30, 1952, purporting to appeal from the order of the court last above set out.

The plaintiff and respondent, the State of Wyoming, by its Attorney-General has moved to dismiss the appeal aforesaid assigning as grounds therefore: "1. After the Final Order of the District Court dismissing the appeal from the Justice of the Peace court the Appellant did not perfect the appeal to this Court within the ten (10) days prescribed by Section 3-5402, Wyoming Compiled Statutes, 1945. 2. The Order of the District Court upon which the Defendant and Appellant has based this appeal is not an appealable Order."; and the matter is now for decision.

Complaint is made that Justice Shank should have transferred the cause to another justice living and having his office in Newcastle, Wyoming, pursuant

to section 14-301, W.C.S. 1945. This contention is mistakenly made by counsel. Changes of venue under the Criminal Code for Justices of the Peace for use in the Justice Courts in this State are governed not by the section last cited which deals with the Civil actions in Justice of Peace Courts, but by section 15-111 W.C.S. 1945 which reads:

"If such affidavit be filed, the change of venue must be allowed, and the justice must immediately transmit all the original papers, and a transcript of all his docket entries in the case, to *any justice in the county*, who shall have been elected or appointed, against whom no such objection has been made, who shall proceed to try the case, unless a jury trial be demanded. No more than one change of venue in the same case shall be allowed." (Italics supplied.)

It is also contended that: "The statute to which the attention of this court has been called (Section 15-206, W.C.S. 1945) requires that all of the original papers used in the trial be filed. None of the papers upon which this action was based were filed in the District Court; there is no complaint, no warrant, no appearance of the defendant. In fact, none of the original papers filed in the Justice Court appear in the record in the District Court."; but section 15-207 W.C.S. 1945 provides in part that the District Court upon appeal shall try the case "anew" and:

" * * * the court has full power over the case, the justice of the peace, his docket entries, and his return, to administer the justice of the case according to law, and shall give judgment accordingly."

Under this statute the District Court has full control of the cause which is undertaken to be appealed and if the proper papers were not sent up by the Justice of the Peace it was possible for the appealing party and it was also his duty to remedy the omission by a proper application to the District Court request-

ing the Justice of the Peace to send up all necessary papers for filing so that a right result might be reached in the case as the law requires.

We have held that it is the duty of the appealing party in appeals from the District Courts to this court to see to it that the proper record and necessary papers should be sent up to this court by the clerk as by the law required. See Samuelson vs. Tribune Publishing Co., 41 Wyo. 487, 491, 287 Pac. 83 where this court quoted approvingly the following language found in Fain vs. Southern Railway Co. 130 N. C. 29; 40 S. E. 818, 819, stating that the appellant:

" ' * * * must be diligent in seeing that the transcript is made out, transmitted to this court, filed within the time required by the rules of court. He is the actor, the mover, in the matter, and it is his appeal that is delaying the enforcement of the judgment of the superior court, which must be presumed to be correct until reversed, and, if he was not held to diligence, he might for a long time delay the enforcement of the judgment appealed from, without any just grounds of appeal. This the law will not allow.' "

We can see no good reason why a similar duty should not rest upon the appellant in a Justice of the Peace court case, also, to see to it that a proper transcript and all the necessary papers were filed in the District Court of Weston County. Under the statute quoted above the District Court could and it would have been its duty to aid him (the defendant) in accomplishing that result. Yet Anderson made no move to have the District Court order the proper papers to be sent up and filed. This could have been done before the order of date March 4, 1952, had been made. A right decision of the matter should not be thwarted because the Justice of the Peace omitted to do what the law directs him to do. The case of Town of Torrington vs. Taylor 59 Wyo. 109, 137 Pac. (2d) 621 cited by

appellant presents other facts that do not appear here and so cannot be regarded as in point.

From what has been set forth above it is apparent that the District Court's order of date March 4, 1952, was a final order and appealable as such. Finley (Finlay) vs. Prescott 104 Wis. 614, 80 N.W. 930, 47 L.R.A. 695. 31 Am. Jur. section 124, page 774 says: " * * * An order dismissing an appeal from a justice's court which terminates the action and prevents a judgment from which an appeal can be taken is appealable."

However, no Notice of Appeal from that order was served or filed within ten days of its entry—the filing date of the order form being taken under previous rulings of this court as the date of entry thereof. See Cottier vs. Sullivan 47 Wyo. 72, 77, 31 Pac. (2d) 675 and cases cited—as the law directs. See also section 3-5402 W.C.S. 1945; Wyoming Automotive Co. vs. Weisflog 47 Wyo. 32, 30 Pac. (2d) 490; Culbertson vs. Ainsworth 26 Wyo. 214, 181 Pac. 418.

The appellant states in his reply brief that he is desirous of having this court rule as to whether the italicized portion of the District Court's order quoted above annulled the judgment of conviction and fine entered in the Justice of the Peace Court of Fred Hansen upon the verdict of guilty rendered by the jury in that court. We do not think the order of dismissal of the appeal to the district court when considered in its entirety together with the motion of the County and Prosecuting Attorney, which it passed upon, accomplished or was intended to accomplish what counsel for Anderson appear to think it did. The order was dealing solely with the appeal of the defendant and the steps taken to bring the case into the District Court. It is difficult to see that after the District Court

had ruled that it had no jurisdiction in the matter of the appeal it would then proceed therein to interfere with the Justice of the Peace judgment of conviction. We do not think it intended to do that.

The motion of the State of Wyoming to dismiss the appeal purporting to be taken to this court in view of what has hereinabove been set forth is accordingly sustained and an order to that effect should be entered.

Dismissed.

BLUME, C. J., concurs.