THE CITY OF CASPER,

*Plaintiff and Respondent,*

vs.

NICK C. BENARIS,

*Defendant and Appellant.*

(No. 2668; May 24th, 1955; 283 Pac. (2d) 1026).

For the defendant and appellant, the cause was submitted upon the brief of Clarence G. Cypreansen and R. N. Ogden, both of Casper, Wyoming.

For the plaintiff and respondent, the cause was submitted upon the brief of Clarence G. Cypreansen and Wyoming.

## OPINION

RINER, Chief Justice.

Nick C. Benaris was convicted on October 30, 1953, in the municipal court of the city of Casper of a violation of Section 9-365 of Ordinance 1042-A of the city of Casper, Wyoming, which, according to the affidavit of counsel for defendant, Benaris, reads as follows:

"9-365. PERSONS UNDER THE INFLUENCE OF LIQUOR OR NARCOTIC DRUGS.—It shall be unlawful for any person who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle upon any street or other public way"

Upon this conviction, the defendant was ordered to pay a fine of one hundred dollars. Thereafter, said defendant endeavored to take an appeal from this conviction to the District Court of Natrona County. Meanwhile the police justice fixed the recognizance bond of the defendant in the sum of one hundred and ten dollars. This bond appears to have been given, and the defendant was released thereunder.

Section 29-252, Wyoming Compiled Statutes, 1945, dealing with the matter of appeals from the conviction of violating the ordinances of cities of the first class— of which the city of Casper is one—provides thus:

"29-252. Appeal.—In all cases before the police justice arising under ordinances of the city, wherein the fine assessed exceeds the sum of ten dollars ($10.00) or the imprisonment ten (10) days, an appeal may be taken by the defendant to the district court in and for the county in which said city is situated, but no appeal shall be allowed unless such defendant shall, within ten (10) days, enter into recognizance with sufficient sureties to be approved by the justice, conditioned for

the payment of the fine and costs of appeal, and that defendant shall abide the judgment of the said court and not depart without leave of the same, or that he will pay to the said city of ............the sum of $............. The procedure of such appeal shall be as prescribed for appeals from courts of justices of the peace in criminal cases. (Laws 1895, ch. 80, § 73; R. S. 1899, § 1659; Laws 1907, ch. 71, § 17; C. S. 1910, § 1753; C. S. 1920, § 1904; R. S. 1931, § 22-404.)"

Sections 15-202 and 15-207, Wyoming Compiled Statutes, 1945, indicate how appeals from the justice of peace courts in criminal cases shall be taken to the proper district courts of the State and how such cases shall be appropriately disposed of when so appealed. These sections read as follows:

"15-202. Defendant to be informed of his right to appeal.—The justice rendering a judgment against the defendant must inform him of his right to an appeal therefrom, and make an entry on his docket of the giving of such information, and the defendant may thereupon take an appeal by giving notice orally to the justice that he appeals, and the justice must make an entry on his docket of the giving of such notice. (C. L. 1876, ch. 71, Part II, § 34, R. S. 1887, § 3654; R. S. 1899, § 5247; C. S. 1910, § 6119; C. S. 1920, § 7416; R. S. 1931, § 33-145.)

\*          \*          \*          \*          \*

"15-207. Trial in district court.—The cause, when thus appealed, shall stand for trial anew in the district court in the same manner that it should have been tried before the justice, and as nearly as practicable as an issue of fact upon an indictment, without regard to technical errors or defects, which have not prejudiced the substantial rights of either party, and the court has full power over the case, the justice of the peace, his docket entries, and his return, to administer the justice of the case according to law, and shall give judgment accordingly. (C. L. 1876, ch. 71, Part II, § 39; R. S. 1887, § 3659; R. S. 1899, § 5250; C. S. 1910, § 6122; C. S. 1920, § 7419; R. S. 1931, § 33-148.)"

The defendant in the Casper municipal court, as stated above, undertook to prosecute an appeal to the District Court of Natrona County but failed to pursue the requirements of said section last above set forth, particularly, in that no transcript of the police justice's proceedings in the matter was filed with the clerk of the district court as the statute of this State requires. It is especially to be noted that no copy of the complaint filed with the police justice was filed with said clerk. The responsibility for this omission must be decided by this court; and as we see it, it rested upon Benaris.

It was so ruled in our case of State vs. Anderson, 71 Wyo. 127, 255 P. 2d 220. It will be observed that the facts of that case resemble quite closely those appearing now in the case at bar. In the Anderson case, the defendant was convicted of driving a motor vehicle while intoxicated. He filed a notice of appeal and a bond which was approved, and there was a transcript filed by the justice of the peace which we have seen was not done here in the district court. Thereafter, the county attorney filed a motion to dismiss the case because the appeal had not been perfected. After referring to Sections 15-206 and 15-207, Wyoming Compiled Statutes, 1945, the opinion in the Anderson case states, 71 Wyo. 127, 133, 255 P. 2d 220, 222:

"We have held that it is the duty of the appealing party in appeals from the District Courts to this court to see to it that the proper record and necessary papers should be sent up to this court by the clerk as by law required. See Samuelson v. Tribune Publishing Co., 41 Wyo. 487, 491, 287 P. 83, 84 where this court quoted approvingly the following language found in Fain v. Southern Railway Co., 130 N.C. 29, 40 S.E. 818, 819, stating that the appellant:

" ' " * * * must be diligent in seeing that the transcript is made out, transmitted to this court, and filed within the time required by the rules of court. He is the actor, the mover, in the matter, and it is his ap-

peal that is delaying the enforcement of the judgment of the superior court, which must be presumed to be correct until reversed; and, if he was not held to diligence, he might for a long time delay the enforcement of the judgment appealed from, without any just grounds of appeal. This the law will not allow." '

"We can see no good reason why a similar duty should not rest upon the appellant in a Justice of the Peace court case, also, to see to it that a proper transcript and all the necessary papers were filed in the District Court of Weston County. Under the statute quoted above the District Court could and it would have been its duty to aid him (the defendant) in accomplishing that result. Yet Anderson made no move to have the District Court order the proper papers to be sent up and filed. This could have been done before the order of date March 4, 1952, had been made. A right decision of the matter should not be thwarted because the Justice of the Peace omitted to do what the law directs him to do."

In the case at bar, the date of March 4, 1952, in the excerpt just presented should be changed to April 10, 1954, the date of dismissal of the Benaris appeal by the district court. Inasmuch as the district court could very well have been requested to direct the police justice to send to it a proper transcript, but as indicated heretofore this was not done as the law directs, the motion of the city attorney to dismiss this appeal was properly sustained by the District Court of Natrona County; and that decision must, therefore, be affirmed.

*Affirmed.*

BLUME, J., and HARNSBERGER, J., concur.