STATE OF WYOMING,

*Plaintiff and Respondent,*

vs.

BURNHAM HUNGARY,

*Defendant and Appellant.*

(No. 2722; May 1, 1956; 296 Pac. (2d) 506)

424

For the defendant and appellant, the cause was submitted upon the brief of John J. Spriggs, Sr., and John J. Spriggs, Jr., of Lander, Wyoming, and oral argument by Mr. Spriggs, Sr.

For the plaintiff and respondent, the cause was submitted upon the brief of George F. Guy, Attorney General, Robert McPhillamey, Deputy Attorney General, and Robert L. Duncan, Special Assistant Attorney General, all of Cheyenne, Wyoming, and oral argument by Richard I. Leedy, Special Assistant Attorney General, of Cheyenne, Wyoming, and Messrs. Guy and Duncan.

## OPINION

PARKER, Justice.

Burnham Hungary, an Arapahoe Indian, was arrested without a warrant by Highway Patrolman F. R. Minshall near Kinnear in Fremont County, Wyoming, October 12, 1954, on charges of driving under the influence of intoxicants and failing to have a driver's license. The place of arrest was within the exterior boundaries of the Wind River Indian Reservation. The next day, October 13, 1954, defendant, appearing before E. L. Newton, Justice of the Peace, entered a plea of guilty on each count, was fined $100 and sentenced to thirty days in jail on the first, was fined $25 and sentenced to thirty days in jail on the second, and was assessed costs of $5.

What happened thereafter is in dispute. Defendant's attorneys on March 7, 1955, filed a sworn state-

ment in the District Court of Fremont County, stating inter alia:

" * * * promptly on the same day he was sentenced * * * and before the justice had made up and completed his record moved the justice for an order permitting him to withdraw his plea of guilty and to enter a plea of not guilty; that the justice did readily and willingly then grant such permission and defendant did according withdraw his plea of guilty and enter his plea of not guilty to the charge. * * * "

The record does not agree with this statement but shows:

(1) On October 13, 1954, the justice's entry noting defendant's pleas of guilty and the sentences thereon.

(2) On October 20, 1954, defendant's bond for his appeal to district court.

(3) On December 7, 1954, defendant's "Motion" asking that the transcript be returned to the justice for correction to show the withdrawal of the guilty pleas.

(4) On December 7, 1954, filing in district court of defendant's waiver of right to jury.

(5) On December 9, 1954, the district court's "Order" returning the files to the justice for "further proceedings."

(6) On December 23, 1954, defendant's "Affidavit of prejudice" filed against Justice Newton.

(7) On December 20, 1954, a "Motion to Withdraw Plea of Guilty * * * " filed by defendant's attorney in justice court.

(8) On December 21, 1954, Justice Newton's transcript indicating that motion to withdraw the guilty pleas was overruled because "said motion is filed more than two months after the plea of guilty; that the defendant has failed to allege any fact which might indicate he has a valid defense to the charges contained in the complaint   *   *   *."

(9) On December 23, 1954, "Motion for Rehearing and New Trial" filed in justice court.

Thereafter, the matter proceeded to the district court where the record shows:

(a) On January 12, 1955, defendant's filing of a "Motion" asking that the matter be remanded to the justice for completion of the transcript (re withdrawal of pleas).

(b) On February 14, 1955, "Order" denying defendant's motion of January 12, 1955.

(c) On March 7, 1955, filing of defendant's "Motion" to withdraw guilty pleas and to have justice's record corrected.

(d) On June 6, 1955, entering of "Order" denying defendant's motion of March 7, and ordering him to appear on that date "for the purpose of reviewing the sentence rendered herein by the Justice Court."

(e) On June 6, 1955, transcript of hearing to "review the sentence" of defendant.

(f) On June 6, 1955, filing of defendant's "Notice of Appeal."

(g) On June 10, 1955, entering of order stating "the sentence of the Justice Court against said defendant   *   *   * is hereby confirmed and   *   *   * defend-

ant * * * is hereby ordered to be conveyed * * * into the custody of the Sheriff."

(h) On June 13, 1955, defendant's "Notice of Appeal" from the court's judgment and sentence of June 10, 1955.

Defendant assigns twelve specifications of error, the seventh of which reads as follows:

"The refusal of the District Court to grant defendant a trial deprived defendant of his right to trial under the constitution and laws of Wyoming. And rendered his ORDER ON REVIEW OF SENTENCE void, denying defendant due process of law.

"See Motion to withdraw plea in District Court, page 19 Record; and for order thereon see page 22 Record; and for ORDER ON REVIEW OF SENTENCE, see page 24 Record; and for the Journal Entry of said order, see page 33 Record."

Inasmuch as a decision on this point, favorable to defendant, would render the other specifications moot, we shall now consider it. In so doing, we re-examine the record for material relating to the alleged error, and find as follows:

(a) Defendant's "Motion" of March , 1955, includes the words "comes now defendant and moves the court for an order permitting him to withdraw the plea of guilty and to enter a plea of not guilty." These are commingled with discussion of various other matters, but the motion makes no direct request for the trial of which he now insists he was deprived.

(b) The "Order" of the district court entered June 6, 1955, makes no mention of defendant's request to withdraw his guilty pleas in district court.

(c) The district court's "Order on Review of Sentence" of June 10, 1955, does not refer to defendant's

motion to withdraw the guilty pleas in district court or a demand for trial.

Notwithstanding the indefiniteness of the record, the fact remains that defendant had no trial on the merits in the district court. We therefore review the law regarding the rights of a defendant who pleads guilty before a justice of the peace and then appeals to the district court. We find as follows:

"Whether an appeal will lie from a judgment of conviction in a justice's court, where accused pleads guilty, depends upon the wording of the particular statute. Under the statutes in some jurisdictions a plea of guilty will not preclude an appeal, while in others it will preclude an appeal, in the absence of collateral questions * * *." 22 C.J.S. 573.

"While under some statutes on appeal, at least from certain inferior courts, accused is not entitled as of right to a trial de novo, under the practice in many jurisdictions the cause is tried de novo on the appeal; * * * 'trial de novo' means a trial anew, from the beginning, in the appellate tribunal, according to the usual or prescribed mode of procedure in other cases, involving similar questions, whether of law or of fact. In such case, although it is held in some jurisdictions that the proceeding is appellate in its general nature and accused is entitled in the court to which the appeal is taken to the benefit of all legal questions that he raised and preserved on the pleadings in the inferior court, it is generally held that the jurisdiction is not, properly speaking, appellate, and the superior court has no power to review, or to affirm or reverse the magistrate's conviction. The court does not sit as a court of review for the correction of errors but to give accused a new trial upon the merits, and is without authority to treat the case as an inquiry into the regularity of the proceedings in the inferior court. * * * " 22 C.J.S. 612.

Many cases are cited as the basis for each of the diverse views expressed in this authority. It would be

of little benefit to review and quote the various cases since the text indicates that each holding depends on the applicable statutory provisions. However, in the case of Ex parte Jones, 128 Tex.Cr.R. 380, 81 S.W.2d 706, 707, 708, we find an interesting expression of philosophy on the subject which we think should be borne in mind in consideration of the matter.

" * * * It is unquestionably true that a defendant who pleads guilty in a justice court may desire to test the law, or the complaint, or the punishment meted out, by an appeal, but he might also wish to show that the plea had been improvidently entered either by him or some person for him, or that he had been wrongfully advised, or that he was not in fact guilty, or any one of many reasons that might actuate him in his appeal or trial in the county court, or for no reason save that he wished upon appeal to enter a plea of not guilty. Our statutes and Constitution do not guarantee one so appealing a trial de novo in part but entirely so, and to our minds it would be inconsistent to say that he might have such trial in any manner that he pleased, except that, having pleaded guilty in the justice court, he is bound again to plead guilty in the county court."

Since all of the authorities reviewed by us indicate that the statutes in the case are controlling, we turn to the Wyoming statutory provisions relating to criminal cases before justices of the peace. Section 15-207, W.C.S., 1945, provides:

"Trial in district court.—The cause, when thus appealed, shall stand for trial anew in the district court in the same manner that it should have been tried before the justice, and as nearly as practicable as an issue of fact upon an indictment * * *."

Under this statute, it is difficult to visualize how a thial could be *anew* and *as an issue of fact upon an indictment,* if a plea of guilty prevented any trial at all; but to be certain, we inspect a preceding section per-

mitting appeals, § 15-201, W.C.S., 1945, which states: "Appeal to district court.—The defendant may appeal from the judgment to the district court of the county in which the trial was had."

Apparently, it was intended that an appeal could be taken from *any* judgment of the justice. We therefore examine further to ascertain by what process a judgment is entered and, in doing so, review § 15-126, W.C.S., 1945, which provides:

"Judgment on conviction.—When the defendant pleads 'guilty,' or is convicted either by the justice or a jury, the justice shall render judgment thereon, of fine or imprisonment, as the case may require * * *."

The legislature's pronouncement seems to state with exactness that such a judgment may emanate from *either* a conviction or a guilty plea.

When the language used by the legislature is plain, unambiguous, and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation; and the court has no right to look for or impose another meaning. See 50 Am.Jur. 204 ff.; Rasmussen v. Baker, 7 Wyo. 117, 50 P. 819, 38 L.R.A. 773; Board of Commrs. of Weston County v. Blakely, 20 Wyo. 259, 123 P. 72; Gale v. School District No. 4, 49 Wyo. 384, 54 P.2d 811; Texas Co. v. Siefried, 60 Wyo. 142, 147 P.2d 837, 150 P.2d 99; Wallis v. Bosler, 70 Wyo. 129, 246 P.2d 711; State ex rel. Fawcett v. Board of County Commrs., 73 Wyo. 69, 273 P.2d 188; Druley v. Houdesheldt, Wyo., 294 P.2d 351.

It appears to us that the legislature has clearly provided for an appeal from every criminal judgment of a justice of the peace and for a trial anew in the district court. We take this to mean that upon an appeal under the above-mentioned statutes the defend-

ant should be arraigned in the district court and should thereafter be tried in all respects as if the case had originated in the higher court. Although the district court made some examination of the facts in the hearing of June 6, 1955, the defendant already stood "guilty" at that time and was deprived of his day in court.

Counsel for the State have filed a "Motion to Dismiss" because of defendant's failure to comply with Rule 37 (§ 1-437, W.C.S., 1945). Analysis of the "Abstract of Record" in this case indicates its woeful deficiency in numerous particulars and points up the seriousness of noncompliance with the rule. Counsel should be aware of the court's good reason for promulgating this rule and realize that lack of compliance in any case may be cause for summary dismissal of an appeal. When a motion to dismiss is filed, the abstract's author cannot in justice to his client fail to meet any meritorious objections forthwith—certainly *well before* the date of the hearing—lest his client be penalized by his negligence. Nevertheless, we are extremely reluctant to dispose of a matter presented to this court for review except on its merits. Rafferty v. Northern Utilities Company, 73 Wyo. 287, 278 P.2d 605, 617. Accordingly, in a situation such as the one at bar where a reviewing court might on its own motion be well justified in returning the case for trial, we hesitate to hold the defendant's mistakes fatal. Relaxation of the rule in this case should in nowise be taken by counsel as an indication that a faulty abstract will again be excused.

The case is reversed and remanded for the trial of defendant.

*Reversed and remanded.*

BLUME, C. J., and HARNSBERGER, J., concur.