Nicholas Max CISNEROS, Appellant
(Defendant below),

v.

CITY OF CASPER, Appellee
(Plaintiff below).

No. 3869.

Supreme Court of Wyoming.

Jan. 15, 1971.

Rehearing Denied Feb. 25, 1971.

Raymond B. Whitaker and James R. McCarty, Casper, for appellant.

Jack D. Emery, Casper, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This is an appeal from an order of the district court dismissing an appeal from police court on the grounds the appellant-defendant had failed to perfect the record on appeal in the district court as provided by law by not filing at least 10 days before the term of court following the filing of the notice of appeal a copy of the original complaint.

On July 17, 1969, the appellant-defendant was tried in police justice court of the city of Casper, Wyoming upon three separate

offenses for violation of city ordinances. He was found guilty on all three charges. He gave oral notice of appeal, and on August 12, 1969, filed with said police justice his written notice of appeal.

On August 12, 1969, the police justice executed a "Transcript of Docket Entries" which contained the written notice of appeal and an undertaking on appeal, all of which were filed in the district court on August 18, 1969.

On October 14, 1969, appellant-defendant moved the court for an order setting the case for trial, and on October 17 the case was set for trial on December 16, 1969.

On December 16, 1969, the appellee-city moved the district court for an order dismissing the appellant-defendant's appeal on the ground and for the reason the appellant-defendant had failed to perfect the record on appeal as required by law in that the appellant-defendant had not filed a copy of the original complaint. The motion was set for hearing on December 19, 1969, and on that date reset for January 7, 1970.

On December 22, 1969, the appellant-defendant filed a motion in which he stated:

"COMES NOW the above-named defendant and files herein the 'original of the complaint and warrant', and in doing so, moves the Court for an Order dismissing the cause against defendant on the grounds that no sworn complaint was ever made against defendant and, therefore, it was and is impossible for defendant to file herein as part of the appeal, a sworn complaint and warrant issued thereon."

The original complaints and warrants were filed on January 30, 1970.

On December 30 the appellee-city's motion was reset for hearing on February 4, 1970, and the matter was heard on that date. The district court found the appel-

lant-defendant had failed to perfect the record on appeal as required by law by not filing within the time provided copies of the original complaints, granted the appellee-city's motion to dismiss and denied the appellant-defendant's motion. On February 12, 1970, appellant-defendant filed his notice of appeal to the supreme court.

The appellant-defendant contended there never was a valid complaint against him because the complaining witness did not swear to the complaint before a police justice, and thus he did not file copies of the complaint with the district court because there was no valid complaint in existence.

The appellee-city contended appellant-defendant's failure to object to the form of the complaint prior to his entry of a not guilty plea precluded his attack on the complaints, and that by law copies of the complaint must be filed in the district court not later than 10 days before the term of the district court following the filing of the notice of appeal.

Both parties quote various sections of the Wyoming Rules of Criminal Procedure, but they have no application since Rule 51 states:

"These rules *do not apply* to municipal courts; to appeals to district courts; to misdemeanor proceedings tried in justice of the peace courts; * * *."

and Rule 38 provides " * * * Appeals from justice court shall be as provided by statute." [1]

*The Applicable Statutes are as Follows*

Section 7–447, W.S.1957, says that when an appeal is taken, the justice shall, at least 10 days before the first day of the term of the district court following the filing of a notice of appeal, file in the office of the clerk of the district court a certified copy of the entries in his docket together with all papers in the case.

---

1. Sections 5–120, 5–125, 5–130 and 5–136, W.S.1957, provide the procedure in municipal courts shall, as nearly as possible, conform to that provided by the general laws of the state in courts of the justice of the peace, and appeals from municipal courts shall be taken in the manner provided by law from appeals of justices of the peace in criminal matters.

Section 5–41, W.S.1957, sets forth the terms of court in Natrona County, under which the fall term commenced on the first Tuesday in September, being September 2, 1969.

Section 7–409, W.S.1957, says that the complaint shall be under oath.

■ Under the provisions of the statute [2] on an appeal from a judgment of a police court to the district court, the cause stands for trial anew. The statutes further provide that certified copies of the entries of the justice's docket, together with all papers in the case, be filed in the office of the clerk of the district court, and it has been held that this necessarily includes a copy of the complaint. Town of Torrington v. Taylor, 59 Wyo. 109, 137 P. 2d 621, 623; State v. Anderson, 71 Wyo. 127, 255 P.2d 220, 222; City of Casper v. Benaris, 74 Wyo. 58, 283 P.2d 1026, 1027. Even in the absence of a statute requiring that a copy of the complaint be sent up to the district court there is a more basic reason why it is a necessary and indispensable part of the record. Since the district court must try the case anew, the complaint must be in the hands of the district court because, without the complaint, there would be nothing upon which to try the defendant.

We have also previously held that it is the duty of the appellant-defendant to see that the proper record is filed, City of Casper v. Benaris, supra, 283 P.2d at 1026; and that the filing must be timely, State v. Anderson, supra, 255 P.2d at 222.

The record does not disclose that the appellant-defendant was represented by counsel in the trial before the police justice. It does reveal that present counsel filed a written notice of appeal with the police justice on August 12, 1969, and that the appellant-defendant gave oral notice of appeal to the police justice on the date judgment was entered, that is, July 17, 1969. Thus, appellant-defendant's counsel had adequate time to examine the record on appeal to determine if a proper record had been filed.

■ Copies of the complaints were not timely filed with the clerk of the district court as required by statute. The ultimate responsibility rested upon the appellant-defendant to see that they were filed and, upon his failing to do so, the district court had no recourse but to dismiss the appeal, unless the appellant-defendant's contention that there was no valid complaint was meritorious.

The parties stipulated the police justice was not present when the complaining witnesses signed the complaints, and an unknown police officer stamped a facsimile signature of the police justice to the complaints. The appellant-defendant moved the district court for an order dismissing the cause against him because there was no sworn complaint. He cited Rule 3 of the Wyoming Rules of Criminal Procedure which provided the complaint shall be made upon oath, but as we previously stated, the rules have no application to police courts. However, § 7–409, W.S.1957, states that a complaint shall be under oath, and § 7–410, says criminal actions may be commenced by an information subscribed and sworn to.

■ It is true that where a complaint is required to be under oath it must be sworn to before an official authorized to administer the oath. However, the oath is for the benefit of the accused, and if he sees fit to waive the benefit by not timely objecting to the lack of it and goes to trial he cannot later complain. Harris v. Municipal Court of City & County of Denver, et al., 123 Colo. 539, 234 P.2d 1055; Bustamante v. People, 136 Colo. 362, 317 P.2d 885, 887.

■ The verification is not a substantial part of a complaint and is merely to ensure good faith in instituting the proceedings. Absence of the required verification is only a simple defect in the complaint and does not render the complaint void or de-

2. Section 7–448, W.S.1957.

prive the court of jurisdiction. 42 C.J.S. Indictments and Informations § 86, p. 948. Section 7–188, W.S.1957, provides the accused, by pleading not guilty, shall be taken to have waived all defects which may be excepted to by a motion to quash, and we have held that in view of this section, want of verification on an information (complaint) is waived by pleading thereto. State v. Sorenson, 34 Wyo. 90, 241 P. 607, 705, 706.

█ The complaining witnesses were present at the trial as was the police justice who should have administered the oath to the complaining witnesses. If the appellant-defendant had any serious question that the complaining witnesses had not signed the complaints he could have raised the point by mere inquiry or by motion to quash and the matter could have been resolved at that stage by the police justice. We can determine no prejudice to any fundamental right of the accused and it was not argued that the appellant-defendant was injured in any way. The appellant-defendant was never under any misapprehension as to what he was charged with, he was not surprised nor misled, he was not misnamed nor denied any essential allegation, and he knew the nature of the charges against him and the names of the complaining witnesses.

The appellant-defendant cited several sections of the Wyoming Constitution and we agree the cited sections say what the appellant-defendant says they say. However, we are not advised nor can we determine that they are pertinent to the case at hand. The appellant-defendant also cited § 23, Art. 5, of the Wyoming Constitution, but failed to note that it was repealed as of January 17, 1967.

There being no error, the action of the trial court is affirmed.

Mr. Justice PARKER (concurring).

I concur in the result reached by the majority on the sole ground that the district court was correct in its ruling dismissing the cause because of defendant's failure to perfect the record on appeal.