**A. B. SHAFSKY, Appellant (Defendant below),**

v.

**The CITY OF CASPER, Appellee (Plaintiff below).**

No. 3941.

Supreme Court of Wyoming.

July 26, 1971.

Rehearing Denied Sept. 1, 1971.

Robert A. Burgess, of Winter, Burgess & Bullock, Casper, for appellant.

Jack D. Emery and Richard E. Day, City Atty., Casper, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Mr. Justice GRAY delivered the opinion of the court.

On the 12th day of July, 1967, an unverified complaint was filed in the municipal court of the City of Casper, Wyoming, charging the defendant, A. B. Shafsky, with the sale of alcoholic beverages to a minor in violation of and contrary to an ordinance of the city. In response thereto defendant entered a plea of not guilty, was tried, convicted, and sentenced to serve ten days in the city jail. Thereupon an appeal was taken and perfected to the district court. Other than a motion to quash the complaint and warrant on the ground that the charge made was not signed and sworn to before the police justice as the statute requires but was attested by a facsimile stamp of the justice's signature, which motion was denied on September 10, 1968, nothing further was done until July 30, 1970, when the district court entered an order on motion of the city, dismissing the appeal for lack of defendant's diligence in prosecuting the appeal. The defendant has appealed.

Two claims of error are advanced. First, that once the appeal was perfected, which is not questioned, the district court was without authority to dismiss the appeal because of defendant's lack of diligence

in having the case set for trial and thus deprive him of his constitutional right to a jury trial, and secondly that the district court erred in denying his motion to quash.

As to defendant's first claim, it is conceded that the order of dismissal was based upon this court's holding in City of Casper v. Wagner, 74 Wyo. 115, 284 P.2d 409. In that case it was held that the defendant's failure to bring his appeal on for trial within three terms of the district court, without excuse, entitled the city to a dismissal for want of diligent prosecution. It is argued, however, that the holding was clearly erroneous in that the statutory provisions for appeal gave to the district court no authority to dismiss the appeal and the decision was unsupported by any constitutional, statutory, or common-law authority conferring such power. We are not impressed by such argument.

■ Conceding that the statutes pertaining to the appeal to the district court contain no provision for dismissal of the appeal for lack of prosecution by the defendant, the argument overlooks the inherent power of the district court to do so in the proper exercise of its discretion. City of Wichita v. Houchens, 184 Kan. 297, 335 P.2d 1117, 1118; State v. Dodson, 226 Or. 458, 360 P.2d 782, 786, 787; State v. Koerner, 103 Wash. 516, 175 P. 175, 176. Even prior to Wagner we held in State v. Anderson, 71 Wyo. 127, 255 P.2d 220, and City of Casper v. Benaris, 74 Wyo. 58, 283 P.2d 1026, which was recently reaffirmed in Cisneros v. City of Casper, Wyo., 479 P.2d 198, that the burden was on the defendant to prosecute his appeal and Wagner was simply the application of the rule to the bringing of the case on for trial. The court did not, as defendant argues, extend by implication the provisions of § 10–1313, W.C.S.1945.[1] It was necessary to set forth the section because defendant was claiming

to be entitled to discharge thereunder. It was specifically held, however, that the section had no application to an appeal. The most the court did was to use the time there fixed as a reasonable time sufficient to justify the order of dismissal under the circumstances presented. Had we held as defendant now says we should have held the result would be to interfere with the right of the district court to exercise its discretion in the first instance and that we refuse to do.

Apparently by way of justification for the delay in trial and as an additional attack on the order of dismissal it is asserted on the basis of State v. Hungary, 75 Wyo. 423, 296 P.2d 506, "that once the appeal has been perfected the case must be tried as if the case had been commenced in the district court." If defendant is using the word "tried" as synonymous with the meaning of the word "trial" we can agree. It was in that sense that the word was used in Hungary when it was said, 296 P.2d at 509, that after arraignment in the district court, which was necessitated because of the plea of guilty below, the matter would "be tried in all respects as if the case had originated in the higher court." In State ex rel. Suchta v. District Court of Sheridan County, 74 Wyo. 48, 283 P.2d 1023, 1024, it was stated somewhat differently in that the term "trial de novo," which was regarded as synonymous with the term "trial anew," means "that it is on the same footing as though it had originated in the district court" insofar as the right to a jury trial is concerned. However, that is as far as those cases go. Nothing therein stands for the proposition that the appeal in all other respects must be treated as though it was commenced in the district court.

For example, with respect to pleadings, we just recently held in Cisneros, supra,

1. The section provided in part that an accused in a proceeding commenced in the district court for violation of a state law was entitled to discharge if not brought to trial before the end of the third term. The section was carried forward

in § 7–235, W.S.1957, and that in turn has been superseded by Rule 45(b), W.R. Cr.P., which now simply provides for dismissal "if there is unnecessary delay in bringing a defendant to trial."

that the trial on appeal to the district court is confined to the issues made up below. To hold otherwise would entirely ignore the purpose of the provisions of § 7-447, W.S.1957, requiring a certified copy of the docket entries and papers below to be furnished. If from that certification it appears that the complaint sufficiently alleged the violation of a valid city ordinance to which the defendant entered a plea of not guilty and was tried, it comes before the district court solely for purposes of a second trial.

That raises the query of what the statute on appeal contemplated by use of the word "trial." In Suchta, supra, we held it meant, among other things, a jury trial unless waived by defendant. As a general proposition, we said in Griggs v. Meek, 37 Wyo. 282, 261 P. 126, 128, rehearing denied 264 P. 91:

"* * * In modern times trial is usually said to be:

"'The examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause for the purpose of determining such issue, including all of the steps in the case from the submission to the jury or to the court, to the rendition of the judgment.' 3 Bouv.Law Dict. [Rawles' Third Revision p.] 3320."

That, of course, was a civil case but in an early Indiana case, Hunnel v. State, 86 Ind. 431, 434 (1882), it was said:

"In its general sense the term 'trial' means the 'investigation of a matter in issue between opposing parties before a tribunal competent to decide upon it;' and, in a criminal cause, the term does not include the arraignment, or any other merely preparatory proceeding which may be taken prior to the time of administering the requisite oath to the jury. * * *"

In Thomas v. Mills, 117 Ohio St. 114, 157 N.E. 488, 489, 54 A.L.R. 1220, this was said:

"In its strict definition, the word 'trial' in criminal procedure means the proceedings in open court after the pleadings are finished and the prosecution is otherwise ready, down to and including the rendition of the verdict; and the term 'trial' does not extend to such preliminary steps as the arraignment and giving of the pleas, nor does it comprehend a hearing in error."

See also Berness v. State, 263 Ala. 641, 83 So.2d 613, 618, and Ex parte Coone, 67 Ariz. 299, 195 P.2d 149.

From the foregoing it is evident that defendant's reliance upon Hungary is misplaced. In the first instance there was no need here for an arraignment in view of the plea of not guilty, and the argument that defendant was entitled to sit by and do nothing until brought before the district court for arraignment hardly bears scrutiny in view of our previous holdings that the defendant rather than the city has the burden of processing his appeal. Secondly, Hungary did not detract in any way from those holdings and we do not agree that defendant was wrongfully deprived of his right to a jury trial. It is true, of course, that on a criminal charge commenced in the district court for violation of a State law a jury trial is automatic unless waived by the accused. However, when the case comes to the district court on appeal for a second trial the circumstances are entirely different. The defendant, not the city, becomes the moving force so far as the obtaining of the jury trial afforded by the appeal statute is concerned, and unless within a reasonable time the defendant affirmatively avails himself of the opportunity afforded, which is solely for his own benefit, he has no cause to complain if dismissal results.

That is particularly true under the circumstances here for the reason that the district court in its memorandum opinion overruling the defendant's motion to quash gave notice of the need for affirmative action when it said that the defendant knew "very well what the charge is and what the issues are and he will have a full trial anew in the court by a jury if he so desires." Notwithstanding, the defendant, as

noted above, did nothing to bring the case on for trial from September 10, 1969, the date of the order overruling his motion to quash, to July 30, 1970, when the order dismissing the appeal was issued.

In concluding the discussion concerning the trial court's authority to dismiss the appeal for lack of prosecution, we were not unaware of defendant's undeveloped and unsupported claim that such dismissal resulted in a violation of Amendments 5 and 14 of the United States Constitution and Art. 1, § 10 of the Wyoming Constitution. Insofar as the United States Constitution is concerned, it will be noted that defendant did not claim a violation of Amendment 6 concerning the rights to a speedy trial and to a public trial by an impartial jury. For that reason and because of the lengthy discussion of application of a constitutional provision for a "speedy trial" in City of Casper v. Wagner, 74 Wyo. 115, 284 P.2d 409, we deemed it unnecessary to consider the matter. However, it is of course recognized that the right is fundamental and "one of the most basic rights" of the Federal Constitution, Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 995, 18 L.Ed.2d 1, and that being true this court is free if it so desires to inquire into the matter rather than to adhere to the often-recognized rule that questions not raised below are deemed waived. It now appears that for purposes of the dissent the Chief Justice is resorting to the privilege of inquiring into applicability of Amendment 6 and for that reason some response is indicated.

In the first instance the dissent overlooks the rule universally applied in the Federal courts that a defendant cannot take advantage of the right for a speedy trial unless a demand is made. See U.S.C.A.Const. Amends. 6–14, p. 30, n. 111, and 1968–1970 Supp. Even in the state courts, with few exceptions a demand must be made by a defendant to take advantage of the right. 22A C.J.S. Criminal Law § 469, p. 36. Here, of course, the plain fact is that for more than three years the defendant made no demand for a speedy trial. This no doubt accounts for his failure to raise the question and amply supports the apparent conclusion of the trial judge that he was not interested in a trial but was interested only in delaying the serving of the jail sentence as long as possible.

■ As to the assertion in the dissent that the dismissal resulted in a violation of defendant's right to a jury trial under the Sixth Amendment or other provisions of the Federal Constitution, we would simply point out that those provisions do not apply to trials for petty offenses. Frank v. United States, 395 U.S. 147, 89 S.Ct. 1503, 1515, 23 L.Ed.2d 162, rehearing denied 396 U.S. 869, 90 S.Ct. 34, 24 L.Ed.2d 123; Duncan v. State of Louisiana, 391 U.S. 194, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 522, rehearing denied 392 U.S. 947, 88 S.Ct. 2270, 20 L.Ed.2d 1412. Section 5–123, W.S. 1957, limits the jurisdiction of a police justice for violation of ordinances to a fine not to exceed $100 or imprisonment for three months. It can scarcely be questioned that such penalties are for petty offenses and consequently Amendment 6 has no application.

■ Insofar as the provisions of Art. 1, § 10 of our own constitution are concerned, which is similar to Amendment 6 in that it provides for a speedy trial and trial by jury of a criminal charge, little more need be said in addition to what has been discussed above. We would say, however, that Wagner necessarily took cognizance of the constitutional provision and, after pointing out that defendant had a speedy first trial in the municipal court and the holdings of other jurisdictions that this satisfied the constitutional requirement, went on to hold that the right was waived unless a demand was made which is in harmony with the holdings of the Federal courts on Amendment 6.

Wagner also disposed of the argument that Art. 1, § 10 of our constitution inhibited the dismissal by the holding that the defendant waived the right to a jury

trial by his failure, on appeal, timely to demand a trial.

Additionally, it should be pointed out that Art. 5, § 23 of the Wyoming Constitution, which provided that appeals would lie from final decisions of justices of the peace and police magistrates, was repealed prior to the time the complaint herein was filed and consequently the remedy of appeal is statutory and not constitutional. The statute has consistently been construed by this court as placing the burden upon the defendant to prosecute his appeal.

Absent the citation of any authorities that Wagner or our other holdings are in contravention of any constitutional provision, Federal or State, we see no need to re-examine Wagner and decline to do so.

With respect to defendant's second claim of error to the effect that the district court was without jurisdiction for the reason the complaint below was not sworn to before the police justice, we think little need be said. Notwithstanding the holdings in other jurisdictions upon which defendant relies, we just recently held in Cisneros, supra, that such a defect was an irregularity and did not render the complaint void or deprive the municipal court of its jurisdiction over the subject matter, and unless an accused attacks the irregularity below prior to the time that a plea is entered the defect is waived.

Here it is not questioned that the complaint stated a charge against the defendant for violation of the ordinance sufficient to confer jurisdiction upon the municipal court. If the municipal court had jurisdiction, which it did, it necessarily follows that the district court had jurisdiction to proceed with the trial of the charges below or to dismiss the appeal for defendant's failure to prosecute.

Although we have concluded we are duty bound to uphold the action taken by the district court, that is not to say that we are without understanding of counsel's consternation in the practice of the police justices of Casper, despite the difficulties it has engendered, to continue nonchalantly to permit the police to initiate proceedings such as this simply by having in their possession and using a facsimile stamp of the justice's signature to verify their complaints. As readily demonstrated by the record, it needlessly imposes upon the time of the district court and this court to dispose of challenges made to such a procedure. The fact that the city escapes the consequences of its improper practice through application of established legal principles is not the point. The point is that the police justices are failing to meet their responsibilities in seeing to it that justice is administered in keeping with the law. We hope that by this slight reprimand the police justices and the responsible officials of the city will proceed immediately to correct this wholly improper procedure and that henceforth neither the district court nor this court will be called upon to waste time on this inexcusable practice.

Affirmed.

McINTYRE, Chief Justice (dissenting).

After conceding defendant's appeal was "perfected," the majority opinion purports to hold the prosecution could have the appeal dismissed for "want of diligent prosecution." To me, this is absurd. If it was so held in City of Casper v. Wagner, 74 Wyo. 115, 284 P.2d 409, we should re-examine such holding in the light of subsequent interpretations pertaining to due process.

It does not appear *Wagner* dealt with the matter of a defendant not being afforded a trial by jury in either the justice or district court, as the Wyoming Constitution guarantees. The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions," the accused shall *enjoy* the right to a speedy and public trial by an impartial jury. Also, Art. 1, § 10, of the Wyoming Constitution provides: "In all criminal prosecutions the accused shall have the right to * * * a speedy trial by an impartial jury * * *."

Can it be argued that the proceedings in the district court are not a part of the "criminal prosecution" of defendant? Can the defendant "enjoy" the right to a speedy trial by jury if he is not afforded such by the prosecution? And since when did the defendant in any case (civil or criminal) have the burden of getting the case tried? Inasmuch as defendant is entitled, on appeal to the district court in a criminal case, to have a trial de novo, surely no one would suggest it is not such a "trial" as comes under the protection of the federal and state constitutions.

Perhaps the clincher in my argument is the fact that, for the prosecution to claim a lack of due diligence, is an admission by the prosecution that it has not afforded the accused the speedy trial *by jury* which our state constitution guarantees. There was no opportunity for a trial by jury in the municipal court. See § 5–130, W.S. 1957. Rule 45(b), W.R.Cr.P., provides for dismissal of the case against a defendant, if there is unnecessary delay in bringing the defendant to trial.

To me it is idle to talk about the inherent power of the district court when the so-called inherent power directly conflicts with a constitutional guarantee and denies a person accused of crime due process of law. Here the defendant was denied both a speedy trial and a trial by jury.

It bothers me to see a majority of our court brush aside so lightly the holding in State v. Hungary, 75 Wyo. 423, 296 P.2d 506, ignoring at the same time the plain and unequivocal statutory language that on appeal the case shall be tried anew in the same manner that it should have been tried before the justice. Sections 5–121 and 7–448, W.S.1957. The citation of authority from other jurisdictions does not explain away the *Hungary* case.

In *Hungary*, this court said:

"It appears to us that the legislature has clearly provided for an appeal from every criminal judgment of a justice of the peace and for a trial anew in the district court. We take this to mean that upon an appeal under the above-mentioned statutes the defendant should be arraigned in the district court and should thereafter be tried in all respects as if the case had originated in the higher court. * * *" 296 P.2d at 509.

This language makes it abundantly clear that the legislature has indeed provided for an appeal from every criminal judgment of a justice and for a trial anew in the district court. Not only must the defendant be arraigned in the district court (and Shafsky was not) but he must be "tried in all respects as if the case had originated in the higher court."

If Shafsky's case had originated in the district court, he would clearly ·have the guarantee, under Art. 1, § 10, Wyoming Constitution, to a speedy trial by jury. I find nothing in the record before us to indicate he was ever afforded that right.

Similar language was used in State ex rel. Suchta v. District Court of Sheridan County, 774 Wyo. 48, 283 P.2d 1023, 1024, where it was said trials under criminal laws of the state are jury trials, whether originating in the district court or in justice court and then appealed to the district court. As in *Hungary*, the court also said the trial in district court was de novo, which means "it is on the same footing as though it had originated in the district court."

Justice Blume, speaking for the court, concluded the *Suchta* opinion, at 283 P.2d 1026, with this:

"We think that our law to the effect that a defendant is entitled to a jury trial, when he has appealed to the district court from a judgment in the police court, is plain and unambiguous. We have neither the privilege nor the power to ignore it, whittle it away, or abrogate it. The demurrer filed herein must be overruled, and the petition for prohibition prayed for herein is granted."

Concerning Cisneros v. City of Casper, Wyo., 479 P.2d 198, it did not deal with the matters dealt with· in *Hungary* and the *Suchta* prohibition case. It did not, for

example, deal with the need for Cisneros to be arraigned in the district court and thereafter tried "in all respects as if the case had originated in the higher court," as held in *Hungary*. It did not consider whether the trial in district court should be anew and a jury trial and "on the same footing as though it had originated in the district court," as held in *Suchta*. It in no way referred to or considered Art. 1, § 10, Wyoming Constitution.

In short, the *Cisneros* opinion is no authority whatever for the dismissal of Shafsky's appeal without a trial anew, by a jury, and in all respects as if the case had originated in the district court. What was held in *Cisneros* was pinpointed by Justice Parker in his special concurrence, when he concurred in the result because of defendant's failure to "perfect" the record on appeal. In the case now before us, it is admitted Shafsky had "perfected" his appeal.

It is a long-established principle that an officer can arrest for a misdemeanor committed in his presence. For other misdemeanors, he must go before a magistrate, show probable cause, and obtain an arrest warrant. The city attorney frankly admits that is not being done in Casper—that a rubber stamp is being used for the magistrate's signature when the magistrate is not even present.

We (the majority) closed our eyes to this highly irregular and wholly illegal procedure in *Cisneros*. To call it "irregular" is no answer. What could be a greater denial of due proces than to skip entirely the showing before a magistrate of probable cause? And now the majority in this case purports to condemn and censure severely the practice and at the same time condone it by affirming the action below.

I submit the only proper way to treat with a denial of due process of this kind is to reverse cases like the one at hand. If officers violate the law by arresting on a phony warrant, which is known to be illegal, how can they expect citizens to be law-abiding?

I want to conclude this dissent by reverting back once more to the question of whether it can be said the accused, after "perfecting" his appeal, has the burden of seeing to it that the prosecution gives him a speedy trial by jury as required by the Sixth Amendment to the United States Constitution and Art. 1, § 10, Wyoming Constitution.

The answer can be found by carrying to its logical conclusion the theory of the City of Casper. If the theory is good for so-called "petty offenses," it is good for major offenses; and if the theory is good at the lower level, it is good at the upper level. Suppose then, an accused person has been convicted of first degree murder and sentenced to die, and that he has "perfected" his appeal to the supreme court. If the supreme court should neglect to set the case for oral argument and neglect to render an opinion, would anyone suggest the appeal could be dismissed for lack of prosecution on the part of defendant? The answer seems obvious.

I would reverse.